Commonwealth *v.* Cheatham, Appellant.

Argued January 15, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Philip P. Kalodner,* with him *Robert H. Arronson,* for appellant.

*Lewis P. Mitrano,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 15, 1968:

This is an appeal from the judgment of sentence of the Court of Oyer and Terminer of Philadelphia County. Appellant, Francis W. Cheatham, was convicted, after trial by jury, of murder in the second degree. After motions for a new trial and in arrest of judgment were denied, he was sentenced to a five to twenty year term.

The decedent, one Bernard Kennedy, was stabbed to death in a bar early on the morning of July 8, 1965. According to one John C. Scott, the Commonwealth's principal witness, four people, including the decedent, were drinking together in a bar. The other three were Scott, one Larry Maddox, and a girl, one Geraldine. Appellant came in and asked them for some of their beer. The decedent stated that it was Scott's beer. Scott gave appellant one drink, but refused him a second. Appellant then pulled a knife, according to Scott. Geraldine then suggested that they go across the street to another bar. They did this, but fifteen or twenty minutes later, appellant entered the second bar. Geraldine took him outside and, in the presence of Scott, cautioned appellant not to bother other people who were drinking. Appellant again entered the second bar and without any argument stabbed decedent as he sat at the bar.

One of appellant's contentions is that the verdict was against the weight of the evidence.

However, we are convinced that there was enough evidence to support the jury's verdict. Appellant points out a number of alleged weaknesses and inconsistencies in the Commonwealth's case. These are: (1) Although the bar where the homicide occurred was crowded and narrow and would have required appellant to wend his way some twenty-five feet through a narrow space after Scott witnessed him stabbing the

decedent, appellant was able to leave the bar without being stopped by any of the patrons and without any sounding of an alarm by Scott. (2) Scott made no effort to request anyone at the bar to telephone the police and went to several other bars in the neighborhood before he sounded the alarm or contacted the police. (3) The homicide purportedly occurred during the only five minutes in the course of the evening when Larry Maddox, Scott's and decedent's companion of the evening, was absent in the men's room and therefore, unavailable to witness the homicide. (4) The medical examiner's testimony established that the decedent had had a substantial amount to drink within the hour prior to his death, while Scott's testimony was that the decedent had had only one drink during the entire course of the evening. (5) A significant part of the Scott testimony at trial, with respect to the defendant having been taken outside the bar by Geraldine immediately prior to the stabbing, was completely omitted by the witness in his initial narrative to the police during his interrogation. (6) There was only one rip in the shirt of the decedent, although there were two knife wounds which had caused his death, and the location of the knife wounds did not correspond with the location of the rip on the shirt.

Appellant contends that the facts are more consistent with Scott's having waited until the decedent became intoxicated and until Maddox left the scene before taking the opportunity to stab the decedent, next to whom he was sitting. Appellant's appearance on the scene in an intoxicated condition during the course of the evening made him a perfect nominee from Scott's point of view to be accused of the crime. Although appellant reaches one conclusion from the facts, the Commonwealth and the jury reached another. The test of the sufficiency of the evidence is whether, ac-

cepting as true all of the evidence upon which the jury could properly have based its verdict, it is sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Whiting*, 409 Pa. 492, 187 A. 2d 563 (1963). None of the alleged weaknesses or inconsistencies or coincidences is so remarkable that the jury could not have reconciled them had it believed Scott.

However, that makes the issue of Scott's credibility all the more crucial to the case. And the two reasons appellant asserts in support of his motion for a new trial are directed to just that issue. First, appellant asserts that the trial judge erred in failing to charge specifically as to the credibility of Scott, an omission to which appellant specifically excepted. In appellant's view, the court overemphasized the issue of appellant's credibility and underemphasized the issue of the credibility of the Commonwealth's witnesses, especially Scott. In our opinion, it would have been better to charge specifically as to Scott's credibility. But viewing the charge as a whole, we are not convinced that such a failure to charge would of itself necessitate the grant of a new trial. The court said: "Every witness who is brought before you is subject to the test of credibility. . . . You will apply that test to each and every one of the witnesses that you have seen here, starting with the policeman all the way down." The more complete comments on the interest and credibility of appellant, defendant and sole defense witness, read in context, do not create such an overemphasis on the credibility of one side as to require a new trial.

However, we agree with appellant that the court's failure to permit cross-examination of Scott to impeach his credibility by showing bias was prejudicial error. Although ordinarily cross-examination is limited to matters brought out on direct examination, it is

clear that an exception exists where the cross-examiner seeks to show bias on the part of the witness. *Lenahan v. Pittston Coal Min. Co.,* 221 Pa. 626, 70 A. 884 (1908); *Commonwealth v. Farrell,* 187 Pa. 408, 41 A. 382 (1898). Here appellant sought to cross-examine Scott as to an alleged homosexual affair between Scott and Larry Maddox. Appellant sought to show in his cross-examination that previous to the day of the homicide Scott had participated in a homosexual relationship with Larry Maddox and that such relationship was interrupted when decedent formed a similar relationship with Maddox on the very day of the homicide. Scott admitted that decedent had moved in to live with Maddox on the day of the homicide. Moreover, appellant sought to demonstrate that, following the occurrence of the homicide, Scott again formed a homosexual relationship with Maddox. By thus showing that Scott had a motive as well as the undisputed opportunity to dispatch the decedent, appellant would establish a clear bias on Scott's part to have the defendant convicted of a crime which he himself might be suspected of having committed. In *Lenahan,* supra, at page 629, this court said: "It is always the right of a party against whom a witness is called to show by cross-examination that he has an interest direct or collateral in the result of the trial. . . . The right is not to be denied or abridged because incidentally facts may be developed that are irrelevant to the issue and prejudicial to the other party." The fact that the cross-examination may also help develop the cross-examiner's own case is irrelevant where the cross-examination seeks to establish bias on the part of a witness. We are well aware that the scope or limitation of cross-examination is largely within the discretion of the trial court, and its action will not be reversed in the absence of an abuse of such discretion. *Com-*

204

*monwealth v. Woods,* 366 Pa. 618, 79 A. 2d 408 (1951). On the facts of this case, however, where the credibility of Scott was crucial to the guilt or innocence of the accused, it was an abuse of discretion for the court not to permit cross-examination as to Scott's bias.

Judgment reversed, and new trial ordered.