**UNITED STATES of America,**
**Appellee,**

v.

**Harold MILES, Appellant.**

**No. 911, Docket 73–1433.**

United States Court of Appeals, Second Circuit.

Argued May 3, 1973.

Decided June 7, 1973.

———◆———

Irving Anolik, New York City (Bobick, Deutsch & Schlesser, New York City, on the brief), for appellant.

Jeffrey Harris, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., John W. Nields, Asst. U. S. Atty., on the brief), for appellee.

Before FRIENDLY and HAYS, Circuit Judges, and JAMESON, District Judge.*

PER CURIAM:

This is an appeal from a judgment of conviction in the United States District Court for the Southern District of New York for distribution, and possession with intent to distribute, heroin in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A). Appellant contends that (1) the cross-examination of the main government witness was improperly restricted, and (2) the district court's refusal to prohibit the government from calling one Joseph Sapia in rebuttal was improper. We reject both contentions and affirm the judgment of the district court.[1]

In April, 1972 Detective William Dunn called defendant Miles and introduced himself as a friend of Joseph Sapia. Dunn told Miles that Sapia had told him [Dunn] to contact Miles if he needed drugs. Dunn testified that, as a result of this conversation, Miles and he met later in the same day and Miles gave Dunn eleven half bundles of heroin for which Dunn paid $170. According to Dunn's testimony, a second drug transaction between Dunn and the defendant took place the following day.

In May, 1972, approximately a month after the transactions had taken place, detectives went to the defendant's apartment to place him under arrest. Although the defendant was not at home the detectives were admitted to the apartment and waited there. In the afternoon, the defendant arrived, accompanied by Joseph Sapia, and was arrested. Sapia then asked the defendant "Do they have you right?" to which the defendant responded that they did. Sapia repeated this question and after receiving the same reply, asked the defendant "What did you do?" To this the defendant replied, "I sold to the man."

Later at the office of the Assistant United States Attorney, the defendant stated that he had been dealing in narcotics with Sapia for a year and a half. He also indicated that he had carried on Sapia's drug business while Sapia was away.

---

* Of the United States District Court for the District of Montana, sitting by designation.

1. Appellant does make a third contention —that the trial court erred in refusing to permit defense counsel to inquire as to the present employment of Sapia and the defendant. We do not see the relevance of present employment to the earlier criminal conduct of the defendant at issue in this case.

At trial the defendant denied that he had sold heroin to Detective Dunn. The defendant also denied making any statement to Sapia at the time of his arrest or later to the Assistant United States Attorney.

Appellant first contends that his cross-examination of Dunn was improperly restricted. Appellant claims that he should have been permitted to question Detective Dunn not only about certain charges that were then pending against Dunn but also about the underlying acts themselves. As brought out in the trial, Detective Dunn had been suspended from the New York City Police Department and had several charges pending against him, including associating with persons of ill repute, failure to make an arrest in a narcotics case, accepting bribes on at least three separate occasions, and receiving $3,500 to acquire a quantity of quinine. Although witnesses cannot generally be impeached in this circuit by evidence of prior misconduct—as opposed to evidence of prior convictions—, see, e. g., United States v. Provoo, 215 F.2d 531, 536 (2d Cir. 1954); United States v. Bowe, 360 F.2d 1, 15 (2d Cir.), cert. denied, 385 U.S. 961, 87 S.Ct. 401, 17 L.Ed. 306 (1966), the district court properly allowed the defendant to show the nature of the serious charges for which Dunn had been suspended, since Dunn might have been motivated to testify in a manner that would ingratiate himself with his superiors. Since the jury had a full and accurate picture of the witness's misconduct, the district court did not abuse its discretion in refusing to permit defense counsel to develop the facts underlying the charges.

Appellant urges that he was also unduly restricted in cross-examination because he was permitted to bring out only five of the eight charges pending against Dunn. As the district court said, the defense established that Dunn was charged with "as much corruption as could possibly be relevant."

Appellant claims that he did not know that Sapia would be called and was therefore prejudiced by the government calling him in rebuttal. This contention is without merit. The defendant, Sapia, and the defense counsel had lunch together on the day Sapia was subpoenaed but before he testified. It is impossible to believe that defendant and his counsel did not know that Sapia was going to testify.

Sapia figured prominently in the government's direct case; he was not called, however, apparently on the belief of the government that the testimony of Dunn and the Assistant United States Attorney was sufficient. The defendant then took the stand, however, and denied the incriminating statement made by the defendant in the presence of Sapia at the time of the arrest. Consequently, the government had a clear interest in calling Sapia to rebut the testimony of the defendant denying this statement.

Affirmed.