402 A.2d 1019

**COMMONWEALTH of Pennsylvania**

v.

**Daniel L. SULLIVAN.**

Supreme Court of Pennsylvania.

Argued May 22, 1979.

Decided July 5, 1979.

David K. James, III, Gettysburg, for appellant.

Gary E. Hartman, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

On September 14, 1976, appellant, Daniel L. Sullivan, was involved in a confrontation with a police officer who was attempting to arrest appellant's son. The trial court found appellant guilty of hindering apprehension of prosecution and simple assault. Post-verdict motions were denied, and the Superior Court affirmed per curiam. *Commonwealth v. Sullivan,* 485 Pa.Super. 634, 391 A.2d 701 (1978). This Court granted appellant's petition for allowance of appeal, and this appeal followed.

Appellant raises a single issue, whether the trial court erred when it denied appellant the right to cross-examine the police officer concerning his suspension from the police force following the incident of September 14, 1976. This suspension period was to run pending the outcome of appellant's case. Defense counsel made a complete offer of proof to this effect which was denied. The trial court in denying defense counsel's motion said in a side bar discussion:

"there has been an objection, the objection was sustained, an exception to the Defendant. I think it has not materiality in this proceeding. The jury is trying this case anew. It doesn't matter what anybody else said about it, it's the jury's problem."

The basis for the trial judge's ruling was that if the fact of the police officer's suspension was admitted into evidence, this would usurp the jury's function of determining the facts.

 In making this ruling, the trial court denied appellant his right of confrontation which includes the right to cross-examine witnesses about possible motives to testify. *Commonwealth v. Dawson,* 405 A.2d 1230 (1979). *Commonwealth v. Cheatham,* 429 Pa. 198, 239 A.2d 293 (1968). Appellant was entitled to question the police officer to illustrate whether he had an interest in the outcome of the case. This interest may have given the witness a motive in testifying and appellant had a right to explore this.

The United States Supreme Court has recognized that the exposure of a witness' motivation in testifying is an important function of cross-examination. That Court said:

"A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is 'always relevant as discrediting the witness and affecting the weight of his testimony.'" *Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1973) (citation omitted).

Appellant's cross examination of the police officer was improperly restricted. The appellant was entitled to present his theory concerning the motivations of this witness.

The judgment of sentence is reversed and appellant granted a new trial.