In Re: Appeal From Suspension of Operator's License of William Saut, Jr. William Saut, Jr., Appellant.

580

Submitted on briefs, May 8, 1981, to President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

John P. Liekar, Jr., for appellant.

Harold H. Cramer, Assistant Counsel, with him Ward T. Williams, Chief Counsel, Transportation, and Jay C. Waldman, General Counsel, for appellee.

OPINION BY JUDGE ROGERS, June 9, 1981:

William Saut, Jr. has appealed from an order of the Court of Common Pleas of Washington County affirming the six month suspension of Saut's motor vehicle operator's license by the Department of Transportation, Bureau of Traffic Safety (Bureau) for refusal to submit to a breathalyzer test. Section 1 of the Vehicle Code, 75 Pa. C. S. §1547(b)(1)(i). We affirm.

On June 30, 1979, Saut was arrested at the scene of an accident by Officer Carl Grady of the South Fayette Township Police Department for driving

while intoxicated. Saut was taken to the township police station where he refused a request to submit to a breathalyzer test. Consequently, on August 22, 1979, the Bureau notified Saut that his operator's license was being suspended for six months. Saut appealed the Bureau's suspension to the Court below.

A hearing was held, at which only Officer Grady testified. Officer Grady was cross-examined concerning his testimony, which had been transcribed, given at a District Justice's preliminary hearing on the criminal charge against Saut for driving while intoxicated. The point of this was to establish inconsistencies between Officer Grady's two accounts of the events of the night of June 30, 1979. The differences between the two accounts consists of the following. Officer Grady testified before the District Justice that he arrested Saut at the police station; in court he testified that he had arrested Saut at the scene of the accident. At the District Justice hearing Officer Grady testified that when Saut refused to take the test, he asked Saut if he wanted to lose his license; and in court Officer Grady testified that he thrice warned Saut that his license would be suspended for refusing to take the test. Finally, Officer Grady testified before the District Justice that Saut had agreed to submit to the test at the scene, but later refused. In court Officer Grady testified that Saut had always refused to take the test.

Saut nevertheless contends that Officer Grady's court testimony was so different from his earlier testimony as to render the court's decision upholding the suspension unreasonable, an abuse of its discretion and unsupported by substantial evidence. *See Commonwealth v. Bartell*, 184 Pa. Superior Ct. 528, 538, 136 A.2d 166, 172 (1957). We disagree.

Conflicting or inconsistent statements may affect the credibility of a witness, but they do not make him

582

an incompetent witness. Where the witness is confronted with prior inconsistent statements, the final statement controls. *Id.* at 537-38, 136 A.2d at 171-72.

The court, as fact-finder, was the competent judge of Officer Grady's credibility. Judge JOHN F. BELL's opinion for the court reveals a consideration of the inconsistencies in Officer Grady's testimony; and the conclusion was that they were "not sufficient to impair his credibility." The record supports this conclusion. Indeed, the differences in Officer Grady's two accounts relate primarily to the sequence of events, not to the fundamentals of the case: Saut's arrest, Officer Grady's request that Saut take the breathalyzer test with warning of the consequences of refusal, and Saut's refusal.

Order affirmed.

ORDER

AND Now, this 9th day of June, 1981, the order of the Court of Common Pleas of Washington County, No. 285 September T. 1979, is affirmed.