18

539 A.2d 500

Calvin A. Eckrote, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Submitted on briefs February 22, 1988, to Judges CRAIG, DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Sandor Yelen,* with him, *Ronald P. Sweeda,* for petitioner.

*Harold H. Cramer,* Assistant Counsel, with him, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE CRAIG, March 28, 1988:

Calvin E. Eckrote, appellant, seeks review of an order by Judge BROMINSKI of the Court of Common Pleas of Luzerne County which affirmed a one-year suspension of his motor vehicle operator's license by the Department of Transportation pursuant to section 1547 of the Vehicle Code, 75 Pa. C. S. §1547, for refusal to take a breathalyzer test.

A salient issue is the competence of testimony by a district justice impugning the character and reliability of a police officer.

In the de novo proceeding upon appeal in the common pleas court, Officer Whitaker testified that he observed that Eckrote drove in an erratic manner and nearly collided with a pole and wall. Upon stopping the vehicle and requesting identification, Officer Whitaker observed that Eckrote's speech was slurred, that his eyes were glassy, and that he was fumbling through the cards contained in his wallet. The officer administered three field tests to Eckrote of which, according to the officer, Eckrote refused to take the first test and failed the other two. The officer informed Eckrote that he was going to be placed under arrest, gave him his Miranda warnings, and handcuffed and transported Eckrote to the state police barracks.

Trooper Sherrick testified that, at the barracks, he warned Eckrote that, if he did not submit to a breath test, his operating privileges would be suspended for one year. Trooper Sherrick then attempted to administer the breath test to Eckrote, but Eckrote refused, claiming that he was drunk and he would not take the test.

Eckrote, testifying on his own behalf, recalled being taken to the state police barracks, being asked to take a test, and refusing. He stated that he was not informed by anyone as to the consequences of his refusal and denied informing Trooper Sherrick that he was drunk. He further stated that he was not driving his vehicle in an erratic manner when Trooper Whitaker initially stopped him.

Eckrote also submitted the testimony of District Justice Olzinski, who appeared pursuant to a court of common pleas subpoena; he testified as to the reputation of Officer Whitaker for truth and veracity and also as to alleged bias which the officer had against Eckrote and his family. The trial court admitted the testimony subject to subsequent review.

The trial judge, in issuing his final order dismissing Eckrote's appeal of the department's action, concluded that he should disregard the testimony of District Justice Olzinski pursuant to Rule 2 of the Standards of Conduct of District Justices (Rule 2).

This appeal presents three issues: (1) whether the testimony of the district justice is banned by Rule 2; (2) whether the trial judge properly exercised his discretion in limiting the cross-examination of the arresting officer to the relevant matters of the case; and (3) whether the arresting officer had reasonable grounds to require the driver of a motor vehicle to submit to a breath test. The trial court answered all questions in the affirmative. We agree.

The primary issue of this case is whether the testimony of District Justice Olzinski was banned by Rule 2, which reads:

**Impropriety and Appearance of Impropriety to be Avoided; Voluntary Appearance as Character Witness Prohibited.**

A. A district justice, shall respect and comply with the law and *shall conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.* A district justice shall not allow his family, social or other relationships to influence his judicial conduct or judgment. He shall not lend the prestige of his office to advance the private interest of others, nor shall he convey or permit others to convey the impression that they are in a special position to influence him. (Emphasis added.)

B. A district justice shall not testify voluntarily as a character witness.[1]

District Justice Olzinski's testimony was addressed in part to the reputation which Officer Whitaker had in the community. However, the foundation for this alleged community reputation was based upon the contact with Officer Whitaker in the district justice's court. Exemplifying this point are the district justice's statements such as, "[i]n regard to the many incidents that came before my court, it got so frustrating to me that I asked the people if they would contact the Attorney General's of-

---

[1] The Official Note following the rule adds that Rule 2B "does not afford him a privilege against testifying as a character witness in response to a subpoena the issuance of which *has been specifically allowed* by the Supreme Court under Pa. R.J.A. No. 1701." (Emphasis in original.) That exception is inapplicable here because the subpoena for District Justice Olzinski to testify was issued by the common pleas court, not the Supreme Court.

fice in regard to this behavior," and, "I would have discharged that case in regard to the testimony that was presented before me."

The obvious purpose of the Supreme Court rule, as indicated in paragraph A, is to preserve the integrity and impartiality of the minor judiciary by barring the minor judiciary from lending "the prestige of the office," that is, from applying what they derive in their official capacity to the benefit or detriment of individual litigants. The content of District Justice Olzinski's testimony clearly contravenes that standard. District Justice Olzinski's testimony here stemmed primarily from activity within his courtroom; it was not based on what he had heard as a community citizen, but on what he had seen as a district justice. Therefore, District Justice Olzinski's testimony must be excluded as being in violation of Rule 2.

The second question is whether the trial court properly exercised its discretion in limiting the cross-examination of Officer Whitaker by excluding a question regarding his previously arresting anyone in Eckrote's family. The trial judge properly excluded the line of questioning as irrelevant. Because Eckrote's counsel made no offer to indicate how the arrest of an Eckrote relative could be pertinent, we cannot conceive what relationship a different arrest of a different person could have to this case.

*Commonwealth v. Dawson*, 486 Pa. 321, 405 A.2d 1230 (1979), cited for Eckrote, is not comparable. In that case, the Supreme Court approved cross-examining a police officer concerning an alleged beating he had previously administered to a co-defendant of the *same case*.

Finally, under section 1547, to request a driver to submit to a chemical test, the officer must have reasonable grounds to believe that the motorist has been driv-

ing under the influence of alcohol. The well-established test followed by this court is that reasonable grounds exist when a reasonable person in the same position as the arresting officer could have concluded that the motorist was operating his vehicle while under the influence of intoxicating liquor. *Department of Transportation, Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976).

The trial court, as factfinder, is the sole judge of the arresting officer's credibility. *Saut Appeal,* 59 Pa. Commonwealth Ct. 579, 430 A.2d 410 (1981). In view of the officer's specific testimony concerning Eckrote's erratic driving, a reasonable person could readily have concluded that the appellant was driving while intoxicated. Accordingly, we affirm Judge BROMINSKI's sound order dismissing the appeal.

ORDER

NOW, March 28, 1988, the order of the Court of Common Pleas of Luzerne County, dated October 28, 1986, at No. 1628-C of 1986, is affirmed.