616 A.2d 977

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Monty BIRCH, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 25, 1992.

Decided Nov. 23, 1992.

Stanley W. Greenfield, Greenfield & Associates, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Sandra Preuhs, Kevin F. McCarthy, Asst. Dist. Atty., Thomas N. Farrell, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal, by allowance, from a memorandum decision of the Superior Court, 411 Pa.Super. 663, 593 A.2d 910 (1991), which affirmed a judgment of sentence imposed by the Court of Common Pleas of Allegheny County. In a trial by

jury conducted in 1990, the appellant, Monty Birch, was convicted of recklessly endangering another person. He was simultaneously acquitted of aggravated assault. A sentence of two years probation, two thousand dollar fine, and two hundred hours of community service was imposed. The conviction arose from an incident in which appellant shot an individual who attempted to steal his car. The factual background of the case is as follows.

On the night of May 21, 1989, appellant was in his house in the Squirrel Hill section of the City of Pittsburgh. Appellant's car was parked in front of his house. At approximately 2 a.m., appellant looked out of his front door and noticed that someone was leaning on the car. Appellant armed himself with a handgun and went outside to investigate. He encountered two young men, later identified as Christian Davis and Anthony Price, both of whom were approximately seventeen years of age. Davis and Price had broken one of the windows in appellant's car and were attempting to steal the car.

Appellant approached the two young men, coming within a distance of approximately seven feet, but noticed that one of them was holding in his hand a shiny metallic object (later retrieved and identified as a screwdriver). Appellant, who claims that he feared that the metallic object was a weapon and that he was about to be attacked, reacted by firing one shot from his gun. The shot struck Davis in the hip.

Price fled from the scene, and subsequent efforts to locate him proved fruitless. Davis was transported to a hospital, where it was determined that his hip had suffered a serious injury. Surgery and a period of hospitalization were required. Davis, through his parents, acquired counsel to initiate a civil action for damages against appellant.*

At the commencement of the present trial, the prosecution, intending to call Davis as a witness, presented a motion in

---

* Many would view it as ironic that appellant, as the owner of the car that Davis and Price damaged and attempted to steal, became the one charged with criminal conduct while Davis and Price were not, at least as of the date of appellant's trial, charged with any crime. Further, but for the actions of Davis and Price in initiating the criminal incident, appellant would not have been faced with criminal liability.

limine to prevent defense counsel from cross-examining Davis regarding his civil claim against appellant. The motion was opposed by defense counsel on the basis that bringing the civil claim to the attention of the jury was necessary in order to disclose a likely source of bias in Davis' testimony. The court granted the motion on the ground that testimony regarding the civil claim was not relevant.

The sole issue presented in this appeal is whether the trial court erred in restricting the scope of cross-examination. As stated in *Commonwealth v. Lane*, 492 Pa. 544, 546, 424 A.2d 1325, 1326 (1981) (quoting *Commonwealth v. Greene*, 469 Pa. 399, 404, 366 A.2d 234, 236 (1976) (citations omitted)), " 'It is well established that the scope and limits of cross-examination are within the discretion of the trial judge and [the trial judge's exercise of judgment in setting those limits] will not to be reversed in the absence of a clear abuse of that discretion, or an error of law.' " We believe that, in limiting the cross-examination of Davis, the trial court abused its discretion.

As a general rule, evidence of interest or bias on the part of a witness is admissible and constitutes a proper subject for cross-examination. *Commonwealth v. Robinson*, 507 Pa. 522, 527–28, 491 A.2d 107, 110 (1985) ("[A] witness may be cross-examined for the purpose of showing a motive to give false testimony."). See also *Commonwealth v. Butler*, 529 Pa. 7, 14, 601 A.2d 268, 271 (1991). It is particularly important that, where the determination of a defendant's guilt or innocence is dependent upon the credibility of a prosecution witness, an adequate opportunity be afforded to demonstrate through cross-examination that the witness is biased. *Commonwealth v. Robinson*, 507 Pa. at 528, 491 A.2d at 110 (where prosecution and defense witnesses presented conflicting versions of the facts, and credibility of the witnesses was therefore pivotal, the trial court committed reversible error by restricting cross-examination as to the bias of the prosecution's chief witness).

In *Commonwealth v. Cheatham*, 429 Pa. 198, 203–04, 239 A.2d 293, 296 (1968) (quoting *Lenahan v. Pittston Coal Min-*

*ing Co.,* 221 Pa. 626, 629, 70 A. 884, 885 (1908)), this Court stated:

"It is always the right of a party against whom a witness is called to show by cross-examination that he has an interest direct or collateral in the result of the trial. . . . The right is not to be denied or abridged because incidentally facts may be developed that are irrelevant to the issue and prejudicial to the other party." . . . On the facts of this case . . . where the credibility of [the prosecution witness] was crucial to the guilt or innocence of the accused, it was an abuse of discretion for the court not to permit cross-examination as to [the prosecution witness'] bias.

█ As in *Robinson,* supra, and *Cheatham,* supra, the pivotal factor in the present trial was the credibility of the prosecution's chief witness. Davis testified that, although he did attempt to steal appellant's car, he and his accomplice took no actions that appellant could have construed as threatening. Specifically, he testified that he and Price started to run away as soon as they saw appellant. In short, Davis' testimony indicated that appellant was not acting in self-defense when he fired his gun. In contrast, appellant testified that Davis and Price converged upon him with what he believed to be a weapon, i.e., the screwdriver, and that, feeling endangered, he fired in self-defense.

At the time of the present trial, no civil action had yet been filed but counsel for Davis had contacted defense counsel for appellant in the criminal proceeding regarding prospects for settlement of the civil claim. Clearly, a civil action for damages was contemplated by Davis. It was plainly in Davis' interest to perpetuate a version of the facts that minimized his own criminal involvement and negated the possibility that appellant acted in self-defense. Further, Davis may have been motivated by a belief that if appellant were convicted of the charges against him, to wit, reckless endangerment and aggravated assault, evidence of such convictions might be admitted in a subsequent civil trial. See generally *Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624 (1965) (evidence of certain convictions is admissible in a subsequent civil trial), cert.

denied, 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684 (1965). Indeed, Davis may have viewed the possibility of obtaining convictions upon these charges as a means of substantially bolstering his action for damages.

Given these possible motives for testifying in the criminal proceeding, Davis should have been subjected to cross-examination regarding bias arising from his civil claim. Cf. *Commonwealth v. Butler*, 529 Pa. at 14, 601 A.2d at 271 (defendant who had filed a civil suit against a prosecution witness should have been permitted to cross-examine the witness regarding bias arising from the civil claim). See also Annotation, *Right to Cross–Examine Prosecuting Witness as to His Pending or Contemplated Civil Action Against Accused for Damages Arising Out of Same Transaction*, 98 A.L.R.3d 1060 (1980). Further, in view of the conflicting versions of the facts given by prosecution and defense witnesses, it was of paramount importance that the jury be afforded a full and adequate basis upon which to assess the credibility of the witnesses. The trial court's ruling that foreclosed the proffered line of cross-examination constituted prejudicial error. Appellant is entitled to a new trial.

Judgment of sentence reversed, and a new trial granted.