J-S54038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD CLARK STEWART | |
| Appellant | No. 25 MDA 2014 |

Appeal from the Judgment of Sentence entered October 23, 2013
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP-40-CR-0003981-2012

BEFORE:  LAZARUS, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:　　　　　　　**FILED NOVEMBER 05, 2014**

Appellant, Richard Clark Stewart, appeals from the trial court's October 23, 2013 judgment of sentence imposing one year of probation for recklessly endangering another person and a $200.00 fine for reckless driving.  We affirm.

Appellant's conviction resulted from a May 30, 2012 incident in which Appellant repeatedly drove his vehicle in the direction of the complainants, forcing them to take cover behind a parked truck.  Appellant proceeded to an October 23, 2013 bench trial, the record of which reflects the following facts.  One of the complainants, John Simonitis ("Simonitis"), owns a business located near Appellant's residence.  N.T. Trial, 10/23/13, at 12.  As Simonitis and his employee Darcy Hunter ("Hunter") were working outside of Simonitis' building, Appellant approached them in his Volkswagen SUV.  ***Id.***

at 16. Appellant drove directly toward Simonitis and Hunter and accelerated. *Id.* Simonitis and Hunter jumped behind a truck to protect themselves. *Id.* Appellant made figure eights in the road and accelerated in the direction of Simonitis and Hunter four or five times. *Id.* at 17. Each time, Appellant swerved away from the parked truck at the last second. *Id.* Appellant testified in his own defense. He claimed he was out looking for his dog, which had gotten loose. *Id.* at 92-94, 97. He also claimed his erratic driving was due to a number of potholes in the road that he swerved to avoid. *Id.*

At the conclusion of trial, the trial court found Appellant guilty of the aforementioned offenses, and imposed a sentence immediately. Appellant filed post-sentence motions on October 31, 2013, and the trial court denied those motions on November 20, 2013. Appellant filed a timely notice of appeal on December 18, 2013.

Appellant raises a single issue. He argues the trial court erred in excluding Appellant's testimony about a private criminal complaint he filed against Simonitis several weeks before the May 30, 2012 incident. According to Appellant, the trial court should have permitted defense counsel to ask Appellant questions about his private criminal complaint against Simonitis. Appellant argues those questions were relevant to Simonitis' bias and motive to fabricate evidence against Appellant.

Admission or exclusion of evidence rests within the sound discretion of the trial court. *Commonwealth v. Bryant*, 67 A.3d 716, 726 (Pa. Super. 2013). We will reverse the trial court's decision only if Appellant can meet the "heavy burden" of demonstrating the trial court's abuse of discretion:

> It is not sufficient to persuade the appellate court that it might have reached a different conclusion[;] it is necessary to show an actual abuse of the discretionary power. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the court has reached a conclusion [that] overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Id.*

Appellant cites *Commonwealth v. Birch*, 616 A.2d 977 (Pa. 1992), in support of the vital importance of evidence demonstrating witness bias. In *Birch*, the defendant caught the victim and another person in the act of stealing the defendant's car. *Id.* at 978. The defendant observed one of the car thieves holding a metallic object the defendant believed to be a gun. *Id.* The defendant shot the victim, resulting in a severe injury to the victim's hip. *Id.* Prior to trial, the prosecution filed a motion *in limine* seeking to prevent the defense from cross-examining the victim about his civil claim against the defendant. *Id.* The trial court granted the motion, reasoning that the victim's civil suit against the defendant was irrelevant. *Id.*

Our Supreme Court concluded the trial court erred. "As a general rule, evidence of interest or bias on the part of a witness is admissible and constitutes a proper subject for cross examination." *Id.* "It is particularly

- 3 -

important that, where the determination of a defendant's guilt or innocence is dependent upon the credibility of a prosecution witness, an adequate opportunity be afforded to demonstrate through cross-examination that the witness is biased." *Id.* The Supreme Court reasoned the victim had incentive "to perpetuate a version of the facts that minimized his own criminal involvement and negated the possibility that the defendant acted in self-defense." *Id.* at 979. "Indeed, [the victim] may have viewed the possibility of obtaining convictions upon these charges as a means of substantially bolstering his action for damages." *Id.* Thus, the Supreme Court ordered a new trial. *Id.*

We believe *Birch* is inapposite here. The record does not support Appellant's contention that the trial court excluded evidence of Appellant's private criminal complaint against Simonitis. Rather, Simonitis testified–on cross-examination by Appellant's counsel–that Appellant filed a private criminal complaint against him. N.T. Trial, 10/23/13, at 25-26. The trial court overruled the Commonwealth's relevance objection. *Id.* Simonitis testified that Appellant filed the complaint against him approximately two weeks before the May 30, 2012 incident. *Id.* at 27. Appellant's counsel asked Simonitis for his reaction to Appellant's complaint. *Id.* at 28. The trial court overruled the Commonwealth's objection to that question, stating: "You're looking for bias here, I'm assuming?" *Id.* Simonitis denied that he

threatened to file his own private criminal complaint if Appellant did not drop the complaint against Simonitis. ***Id.*** at 29.

While Appellant was on the stand, his counsel once again asked about Appellant's private criminal complaint against Simonitis:

> Q.    Did you ever file a criminal complaint against Mr. Simonitis?
>
> [Prosecutor]:  Objection, Your Honor.  We've already heard this testimony in relation to bias.  I think it would be duplicative at this point.
>
> THE COURT:  Sustained.  It's not relevant.
>
> **By [Appellant's Counsel]:**
>
> Q.    Were you ever told by Mr. Simonitis or his counsel that if you didn't drop that case, he would file against you?
>
> A.    Yes.
>
> [Prosecutor]:  I'm going to make the same objection, Your Honor.
>
> THE COURT:  Sustained.  Move on, counsel.

***Id.*** at 97-98.

Thus, the trial court prohibited further questioning regarding Appellant's private criminal complaint after it was already aware of it through Simonitis' testimony.  Indeed, during Simonitis' testimony, the trial court, in its own words, described defense counsel's line of questioning as an attempt to demonstrate Simonitis' bias.  N.T. Trial, 10/23/13, at 28.  In its opinion, the trial court explained that it was aware of Appellant's private criminal complaint against Simonitis by virtue of Simonitis' testimony.

Appellant's Brief at 24.[1]  The trial court opined that it did not need to hear the same evidence through Appellant's testimony, and that additional evidence concerning the private criminal complaint would not have altered its verdict.  *Id.*

The case on appeal is far different from **Birch**, where the prosecution's witness hoped to prevail against the defendant in a civil suit based on the same facts that were at issue in the defendant's criminal trial.   Here, Appellant argues that the allegations against him are retaliation for Appellant's private criminal complaint against Simonitis.   The trial court permitted testimony regarding Appellant's private criminal complaint and was aware of Simonitis' potential bias.  Appellant's argument lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/5/2014

_____

[1]   Appellant attached the trial court's opinion to its brief as an appendix. Appellant used consecutive pagination throughout his brief, including the appendices.