J-A12035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROSS JAMES | : | |
| | : | |
| Appellant | : | No. 1004 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 28, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0001354-2020

BEFORE:   MURRAY, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED: MAY 20, 2022**

Ross James (Appellant) appeals, *pro se*, from the judgment of sentence of an aggregate $100 fine, plus costs, imposed in the Allegheny County Court of Common Pleas, following his summary convictions of failing to wear protective headgear while operating a motorcycle, operating a vehicle while wearing headphones or earphones, failing to yield to an emergency vehicle, and failing to properly apply for a certificate of title.[1]  On appeal, Appellant contends the trial court violated his due process rights when it convicted him of the summary offenses after a trial *de novo* without permitting him to cross-examine the Commonwealth's witness or present evidence in his defense.  We

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3525(a), 3314(a), 3325(a), and 1103.1(b), respectively.

agree, and, accordingly, we vacate Appellant's judgment of sentence and remand for a new trial.

On August 21, 2020, Appellant was issued several Vehicle Code citations after he was stopped while operating his motorcycle. On October 8, 2020, the magisterial district court found Appellant guilty of the above-named offenses, in addition to operation of a vehicle without required financial responsibility.[2] Appellant filed a timely appeal for a trial *de novo* in the Allegheny County Court of Common Pleas. After several delays, the trial *de novo* commenced on July 20, 2021. Appellant appeared *pro se*.

The sole witness presented by the Commonwealth was Pittsburgh Police Officer Ben Olsen. The trial court summarized the officer's testimony as follows:

> Officer [ ] Olsen testified that on August 21, 2020, he stopped [Appellant] after observing him operating his motorcycle wearing speaker earmuffs and no headgear. Officer Olsen activated his patrol vehicle's emergency lights and siren, but [Appellant] continued driving about ¼ mile before he stopped. There were ample locations for [Appellant] to have pulled over before he stopped his motorcycle. [Appellant] had a motorcycle learner's permit but not a motorcycle license. The motorcycle had an Oregon registration, which had been on the vehicle when Officer Olsen had stopped him on November 5, 2019. . . .

Trial Ct. Op., 1/14/22, at 2 (record citations omitted).

With regard to Appellant's lack of insurance, Officer Olsen testified that "[n]o insurance was ever exhibited during the stop." N.T., 7/20/21, at 12.

_____

[2] 75 Pa.C.S. § 1786(f).

The trial court then asked Appellant if he was insured, to which he replied, "Yes," and produced a document as proof of insurance. *See id.* at 13-15. The Commonwealth questioned the authenticity of the document, and the court decided to continue "that aspect" of the trial so Appellant could obtain "some official sealed document" from his insurance company. *Id.* at 16. Nevertheless, the court stated that the other "counts [were] laid out," and "[t]he only thing [they were] talking about [was] operating without insurance." *Id.* When the Commonwealth asked the court, "just for the record, you would be finding [Appellant] guilty on the other four counts?," the court responded, "Yes." *Id.* at 16-17. Later, however, the court's clerk informed the trial court that it had to "dispose of everything[, *i.e.*, all the charges,] at one time." *Id.* at 19. At that point, the court stated it "would hold up on" entering the guilty verdicts, but again commented that it "heard enough testimony" on the four counts, and was only "interested" in the insurance information. *Id.* The court continued the trial for a week.

On July 28, 2021, the parties appeared again before the trial court. Appellant asked the court to be heard on his "motion." *See* N.T., 7/28/21, at 2. We note no motion was docketed on that date, and it is unclear from the record whether Appellant handed a copy of a written motion to the court or the Commonwealth.[3] However, the Commonwealth summarized to the court

---

[3] We note that a motion titled "Affidavit and Motion for Reconsideration and Motion to Recuse," dated July 27, 2021, was docketed on August 17th, and disposed of by the trial court as a post-sentence motion.

that Appellant was "asking [the court] to recuse" itself. *Id.* at 3. Without hearing any argument, the court summarily denied the motion. *Id.* Appellant then provided the court with additional paperwork in support of his claim that his motorcycle was insured. *See id.* Both the Commonwealth and Officer Olsen argued that the documentation still failed to show Appellant's motorcycle was insured prior to the stop. *See id.* at 4-7. At the conclusion of the hearing, the following exchange took place:

> THE COURT: The appeal is denied. Everything we decided last time. . . . The [Section] 1786f operating a vehicle without insurance, that's dismissed. Okay.
>
> [Appellant]: Are you aware that you just reached a verdict without allowing me to cross-examine or produce my own evidence?
>
> THE COURT: I dismissed the case.
>
> [Appellant]: But the four other charges is what I'm talking about. Are you dismissing all the charges? You found me guilty without allowing me to cross-examine the witness, without allowing me to testify and without allowing me to produce evidence for the Court's consideration.
>
> THE COURT: He is found not guilty on the insurance. Everything else is guilty. That's it.
>
> [Appellant]: So you have reached a verdict without allowing me to testify or produce evidence, is that correct?
>
> THE COURT: Okay. Next case.

*Id.* at 7-8. That same day, the court entered an order adjuding Appellant guilty of the aforementioned offenses, and imposing a $25 fine, plus costs, at each count. *See* Order, 7/28/21.

On August 17, 2021, Appellant filed a motion for reconsideration and recusal. The following day, the trial court entered an order denying the motion because post-sentence motions are not permitted "in summary case appeals following a trial *de novo*[.]" Order, 8/18/21, at 2, *citing* Pa.R.Crim.P. 720(D). This timely appeal follows.[4]

Preliminarily, we note the *pro se* brief Appellant has filed in this Court fails to comply with the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2111-2119. Indeed, Appellant's "brief" does not include any of the sections required under the rules, does not set forth a statement of the question on appeal, and lacks any citation to legal authority in support of Appellant's contention that he was denied the opportunity to cross-examine the Commonwealth's witness and present any evidence in his own defense.[5] **See** Appellant's Brief at 1-8 (unpaginated). Nevertheless, because we are able to discern the claim Appellant wishes to raise on appeal, and the Commonwealth agrees Appellant is entitled to relief,[6] we decline to quash this appeal. **See In re J.F.**, 27 A.3d 1017, 1020 (Pa. Super. 2011) (declining to quash appeal based on defective brief when appellate court is "able to discern

---

[4] After requesting and being granted an extension of time, Appellant complied with the trial court's directive to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

[5] Appellant does, however, cite the summary offenses of which he was convicted.

[6] **See** Commonwealth's Brief at 7-9.

the issues raised . . . on appeal"); ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003) (appellate court would review "arguments that can reasonably be discerned from . . . defective brief"); ***Savoy v. Savoy***, 641 A.2d 596, 598 (Pa. Super. 1994) (appellate court would address merits of appeal when appellant's "failure to comply with our Rules of Appellate Procedure [did] not impede . . . ability to review the issues").

In the present case, Appellant asserts the trial court "flagrantly trampled [his] right to Due Process" when it declared him guilty of the four summary offenses "before the Prosecutor rested his case" and without permitting Appellant to cross-examine the witness or present a defense. Appellant's Brief at 2-3 (unpaginated). Appellant requests that we "overturn, reverse, or set aside the convictions" and remand for "a lawful trial before an unbiased arbiter." ***Id.*** at 8 (unpaginated). As noted above, the Commonwealth concedes Appellant is entitled to relief. ***See*** Commonwealth's Brief at 8. We agree.

It is axiomatic that — under both our federal and state constitutions — a criminal defendant has the right to present a defense and cross-examine any witnesses who testify against them. ***See*** U.S. Const. amends. VI, XIV; Pa. Const. art. I, § 9. ***See Commonwealth v. Robinson***, 491 A.2d 107, 109 (Pa. 1985) ("Criminal defendants have a constitutional right to confront witnesses against them, which includes the right to cross-examine[.]"); ***Commonwealth v. Konias***, 136 A.3d 1014, 1019 (Pa. Super. 2016) ("Procedural due process guarantees that a defendant has the right to present

- 6 -

competent evidence in his defense, and the state must ensure that an indigent defendant has fair opportunity to present his defense."). The Pennsylvania Supreme Court has explained:

> While not capable of exact definition, the basic elements of procedural due process are adequate notice, **opportunity to be heard, and the chance to defend oneself** before a fair and impartial tribunal having jurisdiction of the case.

*Commonwealth v. Thompson*, 281 A.2d 856, 858 (Pa. 1971) (emphasis added).

Upon our review of the transcripts from both proceedings, it is clear the trial court failed to provide Appellant with either the opportunity to cross-examine Officer Olsen or present any evidence or testimony concerning the offenses of which he was found guilty.[7] During the July 20th proceeding, the trial court began to question Appellant concerning whether he had proof of insurance for the motorcycle. *See* N.T., 7/20/19, at 13. Although the court did not find the paperwork Appellant provided to be sufficient, it agreed to "continue" the matter to allow Appellant to "get ahold of [his] insurance company" and present "some official sealed document." evidence concerning his insurance. *See* N.T., 7/20/19, at 16. However, the trial court indicated that it found Appellant guilty of the other four counts, and it was only "interested in one thing" at the second proceeding, that is, whether Appellant

---

[7] The trial court did consider Appellant's "evidence" regarding his proof of insurance.

could provide sufficient proof of insurance. ***See id.*** at 16-17, 19. Indeed, the court stated it "heard enough testimony" on the other offenses. ***Id.*** at 19.

In response to Appellant's claim on appeal, the trial court simply opines: "[Appellant] did not request to cross-examine Officer Olsen or present a defense." Trial Ct. Op., 1/14/22, at 2. However, this assertion mischaracterizes the record. At the July 20th proceeding, the court found Appellant guilty without first asking Appellant — who was proceeding *pro se* — if he wanted to cross-examine the officer or present any evidence. ***See*** N.T., 7/20/21, at 16-22. Further, at the conclusion of the July 28th hearing, Appellant pointed out to the court that he was not provided the opportunity to cross-examine the witness, testify in his own defense, or produce evidence. ***See*** N.T., 7/28/21, at 8. The trial court ignored these claims and moved on to the next case. ***See id.*** We conclude that, at the very least, due process requires a trial court to ask a defendant if he intends to cross-examine a witness, before that witness is dismissed, or if he intends to present evidence before adjuding the defendant guilty.

Because, in the present case, Appellant was deprived of his constitutional right to due process and to confront the witness presented against him, we vacate the judgment of sentence, and remand for a new trial.[8]

---

[8] We note that this Court has no authority to remove a trial judge *sua sponte*, and Appellant has not explicitly requested that we appoint a new trial judge on remand. ***See Commonwealth v. Whitmore***, 912 A.2d 827, 834 (Pa.
*(Footnote Continued Next Page)*

Judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/20/2022

_____

2006); **but see** Appellant's Brief at 8 (unpaginated) (requesting that we order "a lawful trial before an unbiased arbiter"). Rather,

> [we] presume[ ] judges of this Commonwealth are honorable, fair and competent, and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice.

**Whitmore**, 912 A.2d at 834 (citation omitted). Nevertheless, "Appellant is not precluded from filing a motion to recuse on remand[,]" at which time the trial court "can determine the question in the first instance," and state its reasons for granting or denying the motion on the record. **Commonwealth v. Lucky**, 229 A.3d 657, 670 (Pa. Super. 2020) (citation omitted).