**UNITED STATES of America, Appellee,**

v.

**Arthur QUALLS, Jr., Appellant.**

**No. 74–1068.**

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1974.

Decided July 26, 1974.

---

Robert J. O'Hanlon, St. Louis, Mo., for appellant.

Michael W. Reap, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, HEANEY and ROSS, Circuit Judges.

LAY, Circuit Judge.

Arthur Qualls was convicted on two counts of knowingly and intentionally distributing heroin in violation of 21 U. S.C. § 841(a)(1). On appeal, Qualls challenges only the restrictions imposed by the trial court on his cross-examination of certain government witnesses. We affirm the conviction.

Robert Stewart, a paid government informer, testified that on March 9, 1972, his person and his car were searched by government agents for narcotics and currency. After the searches produced negative results, Stewart was given $50.-00 in government funds. He then went to the Hi-Note Lounge in the city of St. Louis, where he purchased what later proved to be heroin from the defendant, Arthur Qualls. Stewart turned the package of heroin over to the government agents and was then searched again with negative results. Similar events took place on April 10, 1972.

In addition to the testimony of the informer, the government put on four federal narcotics agents, whose testimony corroborated the informer's. It was stipulated at trial that the powder contained in the government's exhibits contained heroin.

## I. Cross-Examination of the Narcotics Agents

The four government narcotics agents who testified at Qualls' trial were, at the time of trial, suspended from their positions as a result of indictments brought against them in the so-called Collinsville raid cases.[1] Just before the start of trial, defense counsel was informed by the court that he would not be allowed to ask the agents whether they were then under indictment.

In sustaining the government's objection to this line of cross-examination, the court stated:

> [T]he Collinsville raids have been highly publicized in the newspapers and the area for the past six months, and to permit this type of testimony would result in a trial concerning the Collinsville raid and not the defendant in this case.

Defense counsel had hoped to show "bias and prejudice of the witnesses, to show the possible favoritism to be given them by the government by their testimony here." The defendant now asserts error in the trial court's refusal to let him pursue this line of questioning.

 In United States v. Kirk, 496 F.2d 947 (8th Cir. 1974), this court resolved the same issue against the defendant.[2] In the present case, prior to the court's ruling and upon the court's inquiry in an *in camera* proceeding, the government announced that it had not entered into any bargains with the indicted agents. Although cross-examination should ordinarily not be unduly restricted, especially where there exists a possibility of bias or prejudice of the witness,[3] nevertheless the trial court is given broad discretion to weigh as well the possible prejudice which might ensue in opening up collateral matters. Under the special circumstances, we find no abuse of discretion.

## II. Cross-Examination of the Informer

Quall's second claim of error is that the trial court improperly prevented him from eliciting the address of the informer, Robert Stewart.

During the cross-examination of Stewart, the following colloquy ensued:

Q [by defense counsel]: Where do you live now, Mr. Stewart?

MR. REAP [prosecutor]: Objection, Your Honor. I don't think this is proper cross-examination.

THE COURT: The exact location —he can state the city but not the exact address.

MR. LEE [defense counsel]: *That's all right.*

Q (By Mr. Lee): Are you living in St. Louis now?

A Yes.

Tr. at 30–31 (emphasis added).

 Defense counsel made no further attempt to pursue this line of questioning, nor was any objection made to the court's ruling. Counsel must raise his objections in the trial court first. This court will not entertain objections on appeal for the first time. *See, e.g.,* United States v. Price, 464 F.2d 1217 (8th Cir.), cert. denied, 409 U.S. 1040, 93 S.Ct.

---

1. Subsequent to Qualls' trial, all four agents were acquitted and returned to full agent status.

2. Although the trial in the *Kirk* case preceded the bringing of indictments against the agents, they had already been placed on "limited duty status" pending the outcome of the grand jury investigation of the Collinsville raids. The general rule in this circuit prohibits impeachment of a witness' credibility absent a *conviction.* United States v. Burch, 490 F.2d 1300 (8th Cir. 1974).

Thus, our holding in the present case is not affected by the fact that the agents in *Kirk* were merely under investigation, whereas here they had already been indicted.

3. In United States v. Miles, 480 F.2d 1215 (2d Cir. 1973), it was held that defense counsel should have been allowed to show that a police officer had been suspended from the department on collateral charges since his testimony may have been motivated by his desire to gain favor with his superiors.

522, 34 L.Ed.2d 489 (1972); Wood v. United States, 361 F.2d 802 (8th Cir. 1966).

 Nor is the restriction of cross-examination in this case cognizable under the "plain error" rule. Qualls relies on Smith v. Illinois, 390 U.S. 129, 88 S. Ct. 748, 19 L.Ed.2d 956 (1968), which held that it was error to prohibit the defendant from asking the informant's name and address. However, as the Seventh Circuit observed in United States v. Teller, 412 F.2d 374 (7th Cir. 1969), cert. denied, 402 U.S. 949, 91 S. Ct. 1603, 29 L.Ed.2d 118 (1971), *Smith* did not create an absolute rule:

> We think that neither *Alford* [Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624] nor Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968), requires a reversal of this conviction. *Smith* does not per se require a new trial merely because the district court sustained an objection to a question seeking to elicit Washington's address. *Smith* requires reversal only where the lack of a witness's name and address denies a defendant an opportunity to effectively cross-examine a witness. When this happens, a defendant is denied his Sixth Amendment right to confrontation. However, the initial question is whether the defendant was denied effective cross-examination. It is clear from the recital of Washington's testimony that the district court did not unduly limit cross-examination of Washington's past record.

*Id.* at 380.

In the present case, the record shows that defense counsel engaged in a thorough cross-examination of Stewart. His true name, criminal conviction record, previous work, length of St. Louis service, rate of pay, and present means of employment were all brought out. Thus, the informer's exact street address was hardly necessary as a starting point either for further in-court examination or for out-of-court investigation. *See also* United States v. Lewis, 486 F.2d 217

(5th Cir. 1973); Escobedo v. United States, 350 F.Supp. 894 (N.D.Ill.1972), affirmed, 489 F.2d 758 (7th Cir. 1973).

Judgment affirmed.