STATE of Missouri, Respondent,

v.

Robert SMITH, Appellant.

No. 40369.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 31, 1979.

Robert C. Babione, Public Defender, James Porter, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Robert Engel, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from his conviction of possession of a Schedule I controlled substance (heroin) and carrying a concealed weapon. The court sentenced defendant under the Second Offender Act to serve a term in the Department of Corrections of 15 years on the drug charge and 3 years on the concealed weapon charge, to run concurrently.

Defendant does not challenge the sufficiency of the evidence; only one point is raised on appeal. He contends that "[t]he trial court abused its discretion in limiting cross-examination of the State's witnesses by denying defense counsel the right to ask whether or not they were the subjects of an investigation into the filing of false affidavits or whether they knew if any Tactical Anti-Crime Team members had been involved in the filing of false police reports as such information was vital to the defense of this case in that the single major issue was the credibility of these witnesses. [T]he defendant was denied his right to cross-examine the witnesses against him contrary to RSMo. Section 491.070".

Police officers, members of the Tactical Anti-Crime Team (TACT), were the principal witnesses against defendant. It appears that a newspaper article had appeared the day before Smith's trial reporting investigation of alleged false reports or affidavits by members of TACT. Therefore, the assistant prosecuting attorney in this case requested a protective order to prohibit defense counsel from "asking questions, any questions relative to this [TACT investigation], absent a showing of good faith on his part". The assistant prosecuting attorney argued that he knew of no connection of these witnesses with the alleged violation or investigation. Defense counsel admitted that he had no evidence to

show that the witnesses were involved in any way.

Defense counsel stated: "I plan to ask the officers about their knowledge of other persons . . .". The court, following discussion with both attorneys, said: ". . . [T]here is no evidence they are involved, and you are merely asking them do they understand or know that in the past police officers have been [involved], and . . . that's not relative to the credibility of [these] witnesses, and, for that reason, I sustain the objection."

Although the statute gives the parties a right to cross-examine, the scope and extent of cross-examination is not unlimited. "The extent of cross-examination is largely within the discretion of the trial court. This is particularly true as to collateral matters. [citations omitted.] Absent a clear showing of abuse of discretion, appellate courts will not interfere. [citations omitted.]" *State v. Howard*, 564 S.W.2d 71, 75[6] (Mo.App.1978).

Questions on cross-examination regarding the witnesses' knowledge of the past activities of *other* officers is clearly questioning on a collateral matter. Questions on cross-examination regarding whether or not the witnesses *themselves* were subjects of the investigation (apparently not related to this case) would be improper also. The credibility of a witness may not be attacked by showing mere arrests, *investigations*, or criminal charges which have not resulted in convictions. *State v. Coleman*, 524 S.W.2d 27 (Mo.App.1975); *State v. Taylor*, 498 S.W.2d 614 (Mo.App.1973).

We find no abuse of discretion in the court's ruling denying defendant the right to cross-examine as to either of the above matters. The court afforded defendant wide latitude in cross-examination and he had the right to test fully the credibility of these witnesses.

Judgment affirmed.

GUNN and CRIST, JJ., concur.