**STATE of Missouri, Respondent,**

v.

**Nathaniel EDWARDS, Appellant.**

**No. 40487.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 25, 1979.

Robert C. Babione, Public Defender, James Porter, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Thomas M. Daly, Asst. Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Second degree burglary conviction.

Defendant was found guilty by a jury of second degree burglary. The court assessed punishment at eight years under the Second Offender Act. We affirm.

The police were called to 4935 Rosalie for a burglary then in progress. As they arrived, they saw defendant and others climbing out of a window. Defendant ran after he was seen but was captured in the basement of a house on an adjacent street.

A pre-trial conference was conducted out of the presence of the jury to consider whether the defendant should be allowed to raise the subject of a possible investigation by the St. Louis Police Internal Affairs Division of the officers who were the witnesses for the state. Defendant made an offer of proof to show the materiality of the investigation to this case. He offered that the mother of the defendant would testify that she had filed various complaints against some of the arresting officers who were involved in this case and other officers who had arrested defendant for similar crimes in the past. An officer from the Internal Affairs Division testified that none of the witnesses in this case were under investigation by that division. The prosecutor asked for a protective order. The trial court concluded that no witnesses in this

case were involved in the investigation and thus the matter was irrelevant and immaterial. The trial court granted the request for the protective order.

During the trial, defendant put on his mother and sister who testified that defendant could have been mistreated by the police officers who were witnesses in this case. The defendant then renewed his objection to the exclusion of any testimony on the subject of the investigation of the police officers. His offer of proof was as follows:

"My offer of proof would be that I would now put the defendant on to testify to the reason that he was running that morning from the police was because he had been arrested by the police in the past. He had been beaten by the police in the past, and he fully well expected to be beaten by them again.

And then I would further put Mrs. Edwards [defendant's mother] back on the stand to testify that she had taken her son down and filed formal complaints against police officers in the past, which would be substantiated by these records."

We further quote from the colloquy between the defense attorney and the court immediately thereafter:

"THE COURT: Let the record indicate that we did have earlier in the courtroom an officer from Internal Affairs Department who indicated that none of the witnesses in this case have ever had a complaint filed against them by Mrs. Edwards or the defendant. Is that substantially true?

MR. PORTER: That's correct.

THE COURT: Objection overruled.

MR. PORTER: Your Honor, I want to make it clear my objection that they had not made any complaints against the particular police officers in this case.

THE COURT: My ruling is based on that."

Defendant complains that he should have been allowed to place into evidence the offered testimony. He states the scope of his cross-examination of the officers was limited by the court's restrictive ruling. The scope of cross-examination is largely within the discretion of the trial court, whose decision will not be disturbed except for an abuse of discretion. We find no abuse of discretion. *State v. Platt*, 525 S.W.2d 637 (Mo.App.1975); *State v. Martin*, 530 S.W.2d 447 (Mo.App.1975). Further, the offer of proof for the defendant was inadequate. At the pre-trial conference there was no way that the court could know of any relevance in the offer that "Mrs. Edwards will testify that she's filed various complaints against some of the arresting officers that are involved in this case and other officers who had arrested him for this and similar crimes in the past." The second, embellished offer of proof was not sufficient to bail out the defendant. *State v. Umfrees*, 433 S.W.2d 284, 286[1, 2] (Mo. 1968). Defense counsel made it plain that they were making no complaints against the particular police officers in this case. *See United States v. Qualls*, 500 F.2d 1238 (8th Cir. 1974), *cert. denied*, 419 U.S. 1051, 95 S.Ct. 628, 42 L.Ed.2d 646 (1974); *United States v. Kirk*, 496 F.2d 947 (8th Cir. 1974); and *State v. Smith*, 585 S.W.2d 540 (Mo. App.1979).

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.