**STATE of Missouri, Respondent,**

v.

**George A. CUTTS, III, Appellant.**

**No. 40919.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 1, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 19, 1980.

Application to Transfer Denied July 15, 1980.

Helton Reed, Jr., Sp. Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Joseph Warzycki, Asst. Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant appeals his jury conviction for second degree murder and subsequent sentence of life imprisonment. We affirm.

Defendant shot the victim with a shotgun at her home while in the presence of her mother. His defense was that he was innocent by reason of mental disease or defect. He asserts error in the cross-examination of his psychiatrist.

A trial court is vested with broad discretion in determining the extent of cross-examination. *State v. Dunn*, 577 S.W.2d 649, 653 (Mo. banc 1979); *State v. Edwards*, 588 S.W.2d 182, 183 (Mo.App. 1979). Permissible cross-examination may extend to all matters within the fair purview of direct examination, and may include some collateral matters. *State v. Long*, 550 S.W.2d 854, 857 (Mo.App.1977); *State v. Riley*, 583 S.W.2d 751, 753 (Mo.App. 1979); *State v. Dixon*, 566 S.W.2d 254, 255 (Mo.App.1978). Normally, an expert witness may be cross-examined regarding facts not in evidence to test his qualifications, skills and credibility, or to test the validity and weight of his opinion. *Myers v. Bi-State Development Agency*, 567 S.W.2d 638, 643 (Mo. banc 1978); *State v. Deyo*, 387 S.W.2d 561, 566 (Mo.1965). We are obliged to weigh these general principles against defendant's contentions.

Defendant asserts that the trial court erred when it overruled defense counsel's objections to certain questions asked by the prosecutor of defendant's psychiatric expert. Defendant maintains that the questions asked were irrelevant as they were designed to elicit information dealing with psychiatric disorders other than the diagnosed disorder of manic-depression. Defendant submits that the absence of a proper foundation, to show the relevance of conditions other than manic-depression, rendered the questions impermissible. Specifically, defendant has addressed his complaint to the following four questions:

(1) Did you test (the defendant) for brain damage?

(2) Would you say there is nothing organically wrong?

(3) Would you consider all your patients (to be) non-manipulative?

(4) Have you formally applied [for licensing] to the American Board of Psychiatry?

 It would appear that the psychiatrist's credentials were first brought into issue during direct examination when the doctor testified that he was a Canadian board certified psychiatrist and that Canadian certification was equivalent to American board certification. Accordingly, the fourth question would appear proper as a permissible inquiry into the doctor's credentials. It is also apparent that his diagnosis of defendant was in issue and, thus, the other three questions of which defendant complains were, likewise, proper.

Lastly, defendant states that the trial court erred by permitting the prosecutor to ask, during cross-examination, the following question of defendant's psychiatrist, "Doctor, are there mental illnesses or diseases which do not affect a person's ability to distinguish right from wrong?" Defendant contends that the foregoing question contained an improper misstatement of the law on mental responsibility, and that he was prejudiced thereby. We do not agree. It cannot be supposed that the jury considered the question an instruction on the law of mental responsibility when the jury was later apprised of the legally accepted standard by use of the proper, court-read instruction. The trial court did not abuse its discretion when it permitted the psychiatrist to answer this question.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.