**UNITED STATES of America, Appellee,**

v.

**Raymond AMERSON–BEY, Appellant.**

**No. 89–1940.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 17, 1990.

Decided March 22, 1990.

Lee T. Lawless, St. Louis, Mo., for appellant.

Richard Poehling, St. Louis, Mo., for appellee.

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Raymond Amerson–Bey appeals from his conviction for possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1988). He contends that the district court[1] improperly prevented him from cross-examining a prosecution witness regarding bias and that the court violated his due process rights by enhancing his sentence under section 2K2.1(b)(1) of the sentencing guidelines.[2] We affirm.

---

1. The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

2. In his brief, Amerson–Bey also argued that the court erred in allowing the prosecutor to misstate the law regarding the licensing of firearm dealers. At oral argument, counsel conceded that this contention was without merit.

## I. BACKGROUND

On July 1, 1988, St. Louis police officers William Swidersky and Dan Coll received a tip that a black male wearing a gray suit was in the Family Market and appeared to have a gun in the waistband of his trousers. The officers proceeded to the Family Market. When they arrived, the officers saw Amerson–Bey, who fit the description provided by the informant, entering a car which was parked on the street in front of the store. The officers testified that when they approached the car Swidersky saw a gun in Amerson–Bey's hand and warned Coll. Other witnesses testified that the gun was in the car but not in Amerson–Bey's hand or trousers. The car's owner testified that she had left the gun in the car. Amerson–Bey does not dispute that the gun had been stolen.

Amerson–Bey is a member of a religious organization known as the Moorish Science Temple. At trial, Amerson–Bey asked officer Swidersky whether he was aware that Temple members had filed a complaint against him. The factual basis for the complaint does not appear in the record. However, the complaint related to Swidersky's contact with members of the Temple after Amerson–Bey's arrest. The prosecutor objected to the question, and the court sustained the objection.

The jury convicted Amerson–Bey. The district court sentenced him under the sentencing guidelines and enhanced, by one, his base offense level because the firearm he possessed had been stolen.

## II. DISCUSSION

Amerson–Bey argues that the district court violated his sixth amendment right to confrontation by preventing him from cross-examining officer Swidersky regarding Swidersky's bias against members of the Moorish Science Temple. He correctly asserts that cross-examination regarding potential bias of a witness is proper. However, the district court may impose some limitations on such cross-exami-

nation. *Delaware v. Van Arsdall,* 475 U.S. 673, 678–79, 106 S.Ct. 1431, 1434–35, 89 L.Ed.2d 674 (1986). And, the court may, in its discretion, exclude evidence during cross-examination without abridging sixth amendment confrontation rights. *United States v. Kasto,* 584 F.2d 268, 272 (8th Cir.1978), *cert. denied,* 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979).

Here, the district court sustained the prosecutor's objection to one of Amerson–Bey's questions during the cross-examination of Swidersky. The prosecutor did not state the reason for his objection, and the court did not set forth in the record the basis for its ruling. Amerson–Bey did not make an offer of proof regarding the relevancy or content of the excluded testimony. The record indicates that, after the court sustained the objection, Amerson–Bey moved on to other areas of cross-examination.[3]

Because Amerson–Bey failed to make an offer of proof, there is no support in the record for his argument that the district court erroneously sustained the objection. An offer of proof would have provided the district court with the substance of the testimony as well as Amerson–Bey's theory supporting its admissibility. *See Thomas v. Wyrick,* 687 F.2d 235, 239 (8th Cir.1982), *cert. denied,* 459 U.S. 1175, 103 S.Ct. 824, 74 L.Ed.2d 1020 (1983). Furthermore, an offer of proof would have created a record from which we could determine whether the district court erred in excluding the evidence. *See United States v. Smith,* 464 F.2d 222, 224 (8th Cir.), *cert. denied,* 409 U.S. 986, 93 S.Ct. 339, 34 L.Ed.2d 252 (1972).

The district court sustained an objection to only one question. There is no indication that it restricted the scope of the cross-examination. Thus, the record does not indicate that the district court deprived Amerson–Bey of his sixth amendment confrontation rights. *See United States v. Springer,* 831 F.2d 781, 783 (8th Cir.1987) (defendant cannot accept district court's ruling, which did not foreclose pursuit of

---

**3.** The prosecutor indicated that he wanted to make a record at this point. However, following a discussion off the record, he did not do so.

Amerson–Bey's counsel was silent on the record. *See* Trial Transcript at 78.

point he was pressing, and then argue on appeal that his right to confrontation was violated), *cert. denied,* 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 277 (1988); *United States v. Qualls,* 500 F.2d 1238, 1240–41 (8th Cir.) (to preserve issue for review, defendant must object to district court's ruling that question on cross-examination was improper), *cert. denied,* 419 U.S. 1051, 95 S.Ct. 628, 42 L.Ed.2d 646 (1974). Accordingly, we cannot say that the district court abused its discretion in sustaining the objection. *See United States v. Conners,* 894 F.2d 987, 992 (8th Cir.1990).

■ Amerson–Bey also contends that the enhancement of his sentence under section 2K2.1(b)(1) of the sentencing guidelines violates due process. Section 2K2.-1(b)(1) provided for a one level increase in the base offense level for the illegal possession of a firearm if the firearm was stolen.[4] He argues that enhancement under section 2K2.1(b)(1) violates due process because it does not require knowledge that the firearm was stolen. In the district court, however, Amerson–Bey did not raise a constitutional objection. Instead, he argued that knowledge of the stolen nature of the firearm was required for enhancement under section 2K2.1(b)(1).

This court has held that knowledge of the stolen nature of the firearm is not required for enhancement under section 2K2.1(b)(1). *See United States v. Anderson,* 886 F.2d 215, 216 (8th Cir.1989) (per curiam). Furthermore, because Amerson–Bey did not raise the constitutional objection in the district court, we decline to address it here. *See United States v. Fritsch,* 891 F.2d 667, 668 (8th Cir.1989).

III. CONCLUSION

Accordingly, the judgment of the district court is affirmed.

---

4. Effective November 1, 1989, the guidelines provide for a two level enhancement under section 2K2.1(b)(2) if the firearm was stolen. Amerson–Bey was sentenced before the effective date of this amendment.