**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles Wayne PEOPLES, aka Charles Wayne Brantley, Defendant–Appellant.**

**No. 89–10333.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 1990 *.

Decided May 29, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

**24**

Donald J. Green, Goodman, Stein & Chesnoff, Las Vegas, Nev., for defendant-appellant.

Camille W. Chamberlain, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before TANG, NORRIS and FERNANDEZ, Circuit Judges.

PER CURIAM:

Appellant Charles Wayne Peoples pled guilty to one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). He was sentenced under the Sentencing Guidelines to sixteen months of incarceration, to be followed by a three-year term of supervised release. Appellant challenges the district court's assessment of a one-level increase because the firearm was stolen and argues that the district court erred by not making factual findings beyond a reasonable doubt. We reject both these arguments.

■ The district court assessed appellant a one-level increase pursuant to § 2K2.1(b)(2) which provides "[i]f the firearm was stolen or had an altered or obliterated serial number, increase [the base level offense] by 2 levels."[1] Appellant argues that the increase authorized by this section is not appropriate here because there is no proof that he participated in the theft of the firearm. The Eighth Circuit has considered and rejected an identical argument

---

1. The government quotes § 2K2.1(b)(2) as requiring an increase of one level. The presentence report also recommended an increase of one level pursuant to § 2K2.1(b)(2). The district court accepted this recommendation and increased the base offense level by one level because the weapons at issue were stolen. Excerpt of Record (E.R.) exhibit H at 20.

about § 2K2.1(b)(2). *See United States v. Anderson*, 886 F.2d 215, 216 (8th Cir.1989); *United States v. Williams*, 879 F.2d 454, 457 (8th Cir.1989). We agree with the Eighth Circuit. Section 2K2.1(b)(2) does not distinguish between defendants who participate in or are aware of the theft of a firearm and defendants who use stolen firearms. The Guidelines simply provide for an increase when the firearm is stolen. Our court has stated that "[w]e construe the terms in the Sentencing Guidelines using their plain meaning." *United States v. Restrepo*, 884 F.2d 1294, 1296 (9th Cir. 1989) (citations omitted). Accordingly, we reject appellant's argument that the firearms must have been stolen by him for § 2K2.1(b)(2) to apply.

 Appellant also argues that the district court should have found that he stole the firearm, or was aware that it was stolen, beyond a reasonable doubt. Our court has held that district courts are constitutionally required to make factual determinations underlying application of the Guidelines by a preponderance of the evidence. *United States v. Howard*, 894 F.2d 1085, 1090 (9th Cir.1989). Accordingly, we reject appellant's contention that the preponderance of the evidence standard does not satisfy due process. The evidence presented to the district court that the guns possessed by appellant were stolen suffices to support its finding by a preponderance of the evidence. The affidavit of a fellow inmate stated that appellant admitted to him that he had stolen the guns. The federal gun trace revealed that the weapons had been shipped to a local pawnshop which matched the description given by appellant to the inmate. Furthermore, the pawnshop owner advised that although the guns had not been sold, they were missing from his inventory. The district court did not clearly err in finding that the guns were stolen.

The judgment of the district court is AFFIRMED.