920 F.2d 935
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald F. HECK, Defendant-Appellant.
 No. 89-2540.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 26, 1990.*
Decided Dec. 13, 1990.
 
 Before WOOD, JR., COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Donald F. Heck pleaded guilty to one count of possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. Sec. 5861(d). The district court sentenced Heck under the federal sentencing guidelines to a term of imprisonment of thirty months to be followed by a three-year term of supervised release. In calculating Heck's total offense level, the court assessed one point against him under sentencing guideline section 2K2.2(b)(1)[1] which provides: "If the firearm was stolen or had an altered or obliterated serial number, increase by 1 level." In calculating Heck's criminal history category, the court assessed two points against Heck, one for each of two prior convictions for criminal damage to property and aggravated assault.
 
 
 2
 On appeal, Heck first argues that the enhancement under section 2K2.2(b)(1) was improper because there was no evidence that he knew that the serial number was obliterated. The government contends that Heck has waived this issue because he did not object to the enhancement which was included in the presentence report, nor did he include it among his other written objections contained in his "Position of Defendant With Respect To Sentencing Factors," a required pleading that Heck filed on the day of sentencing. The government also points out that Heck did not object orally at the sentencing hearing either. We agree that the issue is waived. See United States v. Valencia, 913 F.2d 378, 386 (7th Cir.1990) (failure to raise challenge to section 5K1.1 in district court constitutes waiver of issue on appeal; however, government did not assert waiver, and court addressed merits); United States v. Lewis, 896 F.2d 246, 249 (7th Cir.1990) (failure to raise issue in district court constitutes waiver).[2]
 
 
 3
 Heck also argues that the district court incorrectly assessed one criminal history point for each of two offenses that Heck contends were "related offenses" for which he should have only been assessed one point under sentencing guideline section 4A1.2(a)(2). The commentary to section 4A1.2(a)(2) provides: "Cases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing."
 
 
 4
 Late in the evening on August 2, 1982, Heck got into a heated argument with his girlfriend with whom he was living and left their residence. When he returned, he found his possessions sitting in the alley. Incensed, Heck went into the house looking for his girlfriend, and in his anger damaged the house. Several hours later, in the early morning of August 3, 1982, he caught up with his girlfriend and their confrontation became physical. For these events, Heck was charged with criminal damage to property and aggravated assault to which he pleaded guilty.
 
 
 5
 The district court refused to classify these offenses as related, explaining:
 
 
 6
 The offenses show that they were committed on different dates at different locations, were different in nature and that they were treated as separate cases by the Court in Kankakee County, Illinois, and that sentencing was on separate dates.
 
 
 7
 The district court's comments addressed elements (1) and (3), but, Heck contends, the district court overlooked element (2) of the commentary defining "related offenses." He argues that the offenses were part of a single common scheme or plan in that they arose out of a dispute with his girlfriend.
 
 
 8
 We must accept the district court's finding that these were not "related offenses" unless we conclude that it was clearly erroneous. See United States v. Jones, 899 F.2d 1097, 1099 (11th Cir.), cert. denied, 111 S.Ct. 275 (1990). Although the district court did not make an express finding that the offenses were not part of a single scheme or plan, this does not undermine its conclusion that the offenses were not related. There was no evidence of a scheme or plan. There was merely the fact that Heck's anger motivated his actions in both offenses. This is not sufficient to demonstrate a scheme or plan. The district court's findings that the offenses were different in nature and sufficiently separated in time and location were not clearly erroneous and are inconsistent with a finding that the offenses were part of a single scheme or plan. The conclusion of the district court that the offenses were not related is not clearly erroneous.
 
 
 9
 Heck finally argues that the court abused its discretion by refusing to depart downward from the guidelines. Heck's sentence is within the applicable guideline range, and this court does not have jurisdiction to review a district court's discretionary refusal to depart downward. See United States v. Franz, 886 F.2d 973 (7th Cir.1989). Heck points out that at least two circuits do entertain appeals from refusals to depart downward, see United States v. McCrary, 887 F.2d 485 (4th Cir.1989); United States v. Justice, 877 F.2d 664 (8th Cir.1989), and suggests that this court reconsider its position en banc. We decline Heck's invitation.
 
 The judgment of the district court is
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Effective November 1, 1989, the guidelines provided for a two-level enhancement under section 2K2.2(b)(2), previously section 2K2.2(b)(1), if the firearm was stolen or the serial number was obliterated. Heck's offense conduct occurred before the effective date of this amendment
 
 
 [2]
 Even if Heck had preserved this issue for appeal, it is without merit. Several courts have held that there is no knowledge requirement in section 2K2.2(b)(1). See United States v. Peoples, 904 F.2d 23, 25 (9th Cir.1990) ("Section 2K2.2(b)(1) does not distinguish between defendants who participate in or are aware of the theft of a firearm and defendants who use stolen firearms." ); United States v. Amerson-Bey, 898 F.2d 681, 683 (8th Cir.1990) (section 2K2.2(b)(1) does not require knowledge of stolen nature of firearm); United States v. Williams, 879 F.2d 454 (8th Cir.1989) (same); cf. United States v. Burke, 888 F.2d 862, 867 n. 7 (D.C.Cir.1989) (citing Williams, 879 F.2d 454) (requirement under National Firearms Act that government prove that defendant knew he was in possession of a firearm is not inconsistent with conclusion that 2K2.2(b)(1) does not require evidence that defendant knew gun was stolen or had obliterated serial number)