983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur Thomas JAMES, Defendant-Appellant.
 No. 91-30447.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 15, 1993.
 
 Before D.W. NELSON, TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Arthur James (James) was indicted in count one for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and in count two for possessing an unregistered 12 gauge sawed-off shotgun in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. A jury convicted James on count one, but not on count two. He now appeals contending the district court erred in denying his motion to sever the counts and in increasing his base offense level by two.
 
 
 3
 The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction over this timely appeal pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We reject both arguments and affirm.
 
 A. Motion to Sever
 
 4
 James contends the district court erred in denying his motion to sever the counts or bifurcate the issues pursuant to Fed.R.Crim.P. 14 and that he suffered prejudice as a result of the denied motion. We do not reach the severance question because we find James waived his right to appeal that issue.
 
 
 5
 Failure to renew a Rule 14 motion to sever at the close of the evidence results in a waiver of that issue. United States v. Sanchez-Lopez, 879 F.2d 541, 551 (9th Cir.1989) (citations omitted); United States v. Yarbrough, 852 F.2d 1522, 1531 (9th Cir.), cert. denied, 488 U.S. 866 (1988). In this case, James failed to renew his Rule 14 motion for severance both at the close of the Government's case and at the close of the evidence. Therefore, he is precluded from raising the severance issue on appeal.
 
 B. Offense Level Enhancement
 
 6
 James next argues the district court erred in enhancing his base offense level by two because he did not know the firearm was stolen. We reject James's argument and hold the district court properly increased his base offense level.
 
 
 7
 The legality of a sentence is reviewed de novo. United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992). The district court's factual findings during the sentencing phase are reviewed for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 8
 The Sentencing Guidelines permit a two-level increase in the base offense level "[i]f the firearm was stolen or had an altered or obliterated serial number." U.S.S.G. § 2K2.1(b)(2) (Nov. 1, 1990). In United States v. Peoples, 904 F.2d 23 (9th Cir.1990), we construed § 2K2.1(b)(2) in accordance with its plain meaning and held the enhancement does not require proof that the defendant knew the firearm was stolen: "Section 2K2.1(b)(2) does not distinguish between defendants who participate in or are aware of the theft of a firearm and defendants who use stolen firearms. The Guidelines simply provide for an increase when the firearm is stolen." Id. at 25.
 
 
 9
 In the present case, James does not argue that the firearm was not stolen. He contends only that the enhancement was impermissible because he did not know the sawed-off shotgun was stolen. Because knowledge is irrelevant under § 2K2.1(b)(2), the district court did not err in enhancing James's base offense level by two.
 
 
 10
 Finally, James claims the strict liability enhancement violates due process because it punishes him for conduct for which he was acquitted; i.e., he did not know the gun was stolen. Thus, he contends the district court violated the principle set forth in United States v. Brady, 928 F.2d 844, 851 (9th Cir.1991), which precludes punishment for conduct for which a defendant is acquitted.
 
 
 11
 We hold that the district court did not violate James's due process rights as announced in Brady. Brady precludes a sentencing court from making an upward departure based upon a state of mind which the jury implicitly rejected in its verdict. Id. at 850-52. In Brady, the jury acquitted the defendant of first degree murder and assault with intent to commit murder, but convicted him of voluntary manslaughter and assault with a deadly weapon. Id. at 850, 852. The district court effectively contradicted the jury's verdict by making an upward departure which required the judge to find the defendant had "intended" to kill both victims. Id. at 850. On appeal, we held that it was impermissible for the sentencing court to depart upward based upon a determination of the defendant's state of mind which was contrary to the jury's finding as to his state of mind. Id. at 852.
 
 
 12
 In this case, however, the judge did not contradict the jury's factual finding because it is irrelevant to an enhancement under § 2K2.1(b)(2) that James did not know the gun was stolen. Peoples, 904 F.2d at 25. Therefore, the fact that the jury may have implicitly found that James did not know the firearm was stolen is beside the point. Hence, the district court did not violate James's due process rights under Brady.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3