99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Albert BEAUCHESNE, Defendant-Appellant.
 No. 95-1285.
 United States Court of Appeals, Second Circuit.
 Dec. 12, 1995.
 
 1
 FOR APPELLANT: Richard R. Goldsborough, Jarvis and Kaplan, Burlington, VT.
 
 
 2
 FOR APPELLEE:Paul J. Van de Graaf, Ass't U.S. Att'y, D. Vt., Burlington, VT.
 
 
 3
 D.Vt.
 
 
 4
 AFFIRMED.
 
 
 5
 Present: McLAUGHLIN, LEVAL, Circuit Judges, PARKER, District Judge.*
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Vermont and was submitted.
 
 
 7
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 8
 Albert Beauchesne was indicted on two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He pled guilty to one of those counts. Beauchesne was sentenced in the United States District Court for the District of Vermont (Lee P. Gagliardi, Judge ). Starting with a base offense level of 20, see U.S.S.G. § 2K2.1(a)(4), the district court added two levels, because Beauchesne admittedly stole one of the firearms, see U.S.S.G. § 2K2.1(b)(4). The court reduced the offense level by three because he accepted responsibility, see U.S.S.G. § 3E1.1, for an adjusted offense level of 19. Based on an offense level of 19 and a Criminal History Category of VI, the district court sentenced Beauchesne to 63 months' imprisonment.
 
 
 9
 Beauchesne appeals his sentence, arguing that the district court erred by applying the two-level enhancement under U.S.S.G. § 2K2.1(b)(4). Specifically, he argues that § 2K2.1(b)(4) applies only if the defendant obtains (either lawfully or unlawfully) a firearm that had previously been stolen by someone other than the defendant. We disagree. In offenses involving receipt, possession or transportation of firearms, U.S.S.G. § 2K2.1(b)(4) provides for a two level increase in the offense level "[i]f any firearm was stolen." Here, Beauchesne pled guilty to possession of a firearm by a convicted felon, and admits that he stole the firearm involved. Thus, the firearm was clearly "stolen" while he possessed it, and the two-level enhancement under § 2K2.1(b)(4) applies. See United States v. Peoples, 904 F.2d 23, 25 (9th Cir.1990) (holding that then version of current § 2K2.1(b)(4) "does not distinguish between defendants who participate in ... the theft of a firearm and defendants who use stolen firearms").
 
 
 10
 Beauchesne's reliance on United States v. Rowlett, 23 F.3d 300 (10th Cir.1994), is misplaced. Rowlett stands only for the proposition that the gun involved must have been stolen prior to and not as part of the offense for which the defendant is being held responsible. Rowlett, 23 F.3d at 304-05; see also U.S.S.G. § 2K2.1, comment. (n.12). Here, Beauchesne pled guilty to possession of a firearm by a convicted felon, an offense independent of and subsequent to the actual theft of the gun. We therefore find Beauchesne's claim meritless.
 
 
 11
 The decision of the district court is AFFIRMED.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation