# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4380

_____

United States of America

*Plaintiff - Appellee*

v.

William M. Eaton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: June 29, 2017
Filed: July 5, 2017
[Unpublished]

_____

Before BENTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

William Eaton directly appeals after he pleaded guilty to a child-pornography charge, pursuant to a plea agreement containing an appeal waiver, and the district

court[1] sentenced him to a prison term within the calculated Guidelines range, plus ten years of supervised release with conditions. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), suggesting that the court imposed a substantively unreasonable sentence. Eaton has filed a pro se brief, challenging the district court's jurisdiction, the constitutionality of the statute of conviction, and the validity of his guilty plea and sentence, including the constitutionality of his supervised release.

To begin, we conclude that there is no merit to Eaton's contention that the district court lacked jurisdiction. See 18 U.S.C. § 3231 (district courts have original jurisdiction of all offenses against laws of United States); United States v. White Horse, 316 F.3d 769, 772 (8th Cir. 2003) (subject-matter jurisdiction in every federal criminal prosecution comes from § 3231).

Next, we decline to consider Eaton's assertion regarding the validity of his guilty plea, because he did not move in the district court to withdraw his plea. See United States v. Foy, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (to extent defendant presents argument to establish his plea was unknowing or involuntary, such claim would not be cognizable on direct appeal where he failed to move in district court to withdraw his guilty plea). We also decline to address his newly raised constitutional arguments. See United States v. Baker, 98 F.3d 330, 337-38 (8th Cir. 1996) (failure to raise constitutionality of statute of conviction in district court constitutes waiver of issue); United States v. Amerson-Bey, 898 F.2d 681, 683 (8th Cir. 1990) (declining to address defendant's previously unraised constitutional objections to his sentence).

As to Eaton's and counsel's remaining arguments challenging the procedural and substantive reasonableness of the sentence, we enforce the appeal waiver. In

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

particular, we note that Eaton's own statements at his change-of-plea hearing indicated that he had knowingly and voluntarily entered into the plea agreement and the appeal waiver.  See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers; one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to question defendant about decision to enter into agreement and to waive right to appeal); Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity).

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues outside the scope of the appeal waiver.  Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____