J-S09023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HOWARD DEMETRIUS TUCKER | : | |
| | : | |
| Appellant | : | No. 1810 EDA 2024 |

Appeal from the PCRA Order Entered May 23, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0009299-2012

BEFORE: LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.: **FILED MAY 13, 2025**

Howard Demetrius Tucker ("Tucker") appeals from the order entered by the Montgomery County Court of Common Pleas dismissing without a hearing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA")[1]. Tucker raises several claims of ineffective assistance of trial counsel. Because we conclude he either failed to satisfy the test for establishing counsel's ineffectiveness or waived the claims he raises on appeal, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

On March 27, 2015, a jury convicted Tucker of various sexual offenses[2] involving three complainants (D.J., L.H., and S.T.).[3] The incidents occurred over a three-month period in 2011 inside Tucker's work office while he was employed by Central Montgomery County Mental Health and Mental Retardation Center ("the Center") as a team leader of certified peer specialists. *Tucker*, 2017 WL 3484321 at *1. Two of the complainants were clients of the Center and one was a job applicant who was interviewed by Tucker; all of them had experienced prior sexual abuse. *Id.* Tucker "used his position of authority and trust to sexually assault the emotionally vulnerable female" complainants. *Id.* The trial court sentenced Tucker to an aggregate term of twenty-five to sixty-two years of incarceration. Tucker timely appealed, this Court affirmed his judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on February 6, 2018. *Id.*,

_____

[2] The jury convicted Tucker of one count of rape by forcible compulsion; two counts of involuntary deviate sexual intercourse ("IDSI") by forcible compulsion; two counts of sexual assault; two counts of indecent assault; and one count of criminal attempt to commit indecent assault. 18 Pa.C.S. §§ 3121(a)(1), 3123(a)(1), 3124.1, 3126(a)(1), 901(a). The trial court entered an order deeming Tucker to be a sexually violent predator ("SVP") on March 2, 2016.

[3] All three cases were joined for trial. A prior panel of this Court detailed the factual history and "caution[ed] the reader that the details of the sexual assaults [we]re necessarily factually graphic due to the specific issues presented" by Tucker on direct appeal. *See Commonwealth v. Tucker*, 962 EDA 2016, 2017 WL 3484321 at **1-4 (Pa. Super. Aug. 15, 2017) (non-precedential decision). Because it is unnecessary to our disposition, we do not repeat the facts in full here.

*appeal denied*, 181 A.3d 1068 (Pa. 2018). Tucker did not seek review of his judgment of sentence before the United States Supreme Court.

On May 6, 2019, Tucker, through counsel, timely filed a PCRA petition and supporting memorandum of law.[4] Therein, he raised two claims of ineffectiveness of trial counsel for (1) failing to object to the trial testimony of one of the complainants, L.H., that she had reached a negotiated settlement agreement in a civil lawsuit against the Center relating to Tucker's assaults against her, in violation of Rule 408 of the Pennsylvania Rules of Evidence; and (2) exerting undue influence on Tucker to compel him to waive his right to testify on his own behalf. PCRA Petition, 5/6/2019, ¶¶5, 10-11, 20, 22-23. On March 26, 2021, the Commonwealth complied with the trial court's order to file an answer, to which Tucker responded. On July 26, 2021, the PCRA court entered notice of its intent to dismiss the petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. About eighteen months later, on January 27, 2023, Tucker responded by raising a new ineffectiveness claim based upon trial counsel's failure to object to multiple instances of hearsay trial testimony relating to whether the incidents

_____

[4] Tucker's judgment of sentence became final on May 7, 2018, upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3) (judgment becomes final at conclusion at expiration of time for seeking review, including discretionary review at the U.S. Supreme Court); U.S.Sup.Ct.R. 13 (petition for writ of certiorari must be filed within 90 days of judgment entered by a state court of last resort).

between Tucker and the complainants were consensual. Response to Rule 907 Notice, 1/27/2023, at 1-4 (unpaginated). He argued that the testimony invaded the province of the jury on the issue of consent and improperly bolstered witness credibility. *Id.* at 5. On October 5, 2023, Tucker praeciped the PCRA court to file a final order dismissing his PCRA petition, and on May 23, 2024, the PCRA court dismissed the petition.[5]

This timely appeal followed. Both the PCRA court and Tucker complied with the mandates of Rule 1925 of the Pennsylvania Rules of Appellate Procedure. Tucker presents three issues for our review:

I. Did the PCRA court err in denying Tucker's request for an evidentiary hearing and concluding that trial counsel was not ineffective for failing to object to the admission of inadmissible evidence that complainant L.H. had received a civil settlement from Tucker's employer because this testimony bolstered L.H.'s credibility by suggesting her allegations had merit?

II. Did the PCRA court err in denying Tucker's request for an evidentiary hearing and concluding that trial counsel was not ineffective for exerting undue influence on Tucker to compel him to waive his right to testify?

III. Did the PCRA court err in denying Tucker's request for an evidentiary hearing and concluding that trial counsel was not ineffective for failing to object to multiple instances of inadmissible testimony that improperly bolstered the complainant's credibility and improperly invaded the province of the jury with respect to the issue of consent?

_____

[5] The reason for the nearly three-year delay between the filing of the Rule 907 notice and the order dismissing the PCRA petition is not apparent from the record, and PCRA court does not provide an explanation in its decision.

Tucker's Brief at 4 (reordered for purposes of disposition; party designation altered; unnecessary capitalization omitted).

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

*Commonwealth v. Wilson*, 273 A.3d 13, 18 (Pa. Super. 2022) (citations omitted).

Tucker's claims on appeal sound in ineffective assistance of counsel. In conducting our review, we are mindful of the well-settled law:

> [C]ounsel is presumed to have been effective and … the petitioner bears the burden of proving counsel's alleged ineffectiveness. To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance … . A PCRA petitioner must address each of these prongs on appeal. A petitioner's failure to satisfy any prong of this test is fatal to the claim.

*Commonwealth v. Reid*, 259 A.3d 395, 405 (Pa. 2021) (citations and quotation marks omitted).

With respect to the first prong, "a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination."

- 5 -

*Commonwealth v. King*, 259 A.3d 511, 520 (Pa. Super. 2021) (citation and quotation marks omitted).

To satisfy the second prong of the ineffectiveness test, a petitioner must establish that "no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success." *Id.* (citation and quotation marks omitted). "Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken." *Id.* (citation and quotation marks omitted).

Finally, to establish prejudice, the petitioner must show "a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." *Reid*, 259 A.3d at 405 (citation omitted). A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *King*, 259 A.3d at 521 (citation and quotation marks omitted).

In his first issue, Tucker argues that trial counsel was ineffective for failing to object to L.H.'s trial testimony that she received money to settle a civil lawsuit that she filed against the Center relating to Tucker's assaults against her. Tucker's Brief at 14-15. According to Tucker, this claim has arguable merit because the testimony was inadmissible under Pa.R.E. 408 and 42 Pa.C.S. § 6141 (relating to the effect of certain settlements) and

"improperly bolstered L.H.'s credibility before the jury by suggesting that [Tucker's] employer believed that her allegations were meritorious." *Id.* at 14-15, 17-18. Tucker argues that trial counsel had no reasonable basis for not objecting to the settlement evidence because it suggested L.H.'s accusations had merit and undercut his strategy that L.H. was lying. *Id.* at 18. Finally, he argues that he was prejudiced because "the entire case rested on the jury's assessment of the complainants' credibility." *Id.* at 19. According to Tucker, evidence of the settlement left the jury with the impression that L.H.'s claims were credible and that the Center believed Tucker assaulted her. *Id.* at 19-20. As such, he contends the evidence contributed to the jury's guilty verdict. *Id.* at 20.

The PCRA court found that trial counsel's lack of objection to the evidence was part of his reasonable strategy:

> In this case, trial counsel's failure to object to L.H.'s testimony of the civil settlement with Tucker's employer[] was part of counsel's reasonable strategy.

> It was trial counsel's strategy to argue that L.H.'s trial testimony was biased and not credible. To this objective, the testimony of the civil settlement was evidence of the [complainant's] biased testimony. In fact, trial counsel attempted to introduce evidence that this [complainant] had filed a previous lawsuit against a psychologist for inappropriate sexual conduct, seeking to argue that L.H. had a pattern of suing professionals for inappropriate sexual conduct. (N.T., Trial by Jury, 3/24/15, pp. at 44-45).[FN] Although this particular evidence was not admitted, trial counsel maintained this strategy.

> > [FN] On [direct] appeal to the Superior Court, trial counsel argued that this ruling was improper since such evidence

- 7 -

was admissible and relevant to the [L.H.'s] bias and motive to lie. **See** [***Tucker***, 2017 WL 3484321 at **7-8].

Trial counsel used this same strategy with another testifying [complainant], S.T., on cross-examination, bringing to the jury's attention that she talked to a lawyer about suing Tucker's former employer before she went to police. (N.T., Trial by Jury, 3/25/15, pp. 49-52).

This was a reasonable strategy. ["]As a general rule, evidence of interest or bias on the part of a witness is admissible and constitutes a proper subject for cross-examination." ***Commonwealth v. Birch***, 532 Pa. 563, 566, 616 A.2d 977, 978 (1992). "Introduction of the existence of the civil suit in a criminal case is permissible to show the complainant's possible bias and interest in the outcome of the case." ***In re R.D.***, 44 A.3d 657, 676 (Pa. Super. 2012) (internal citations omitted); ***see also Commonwealth v. Hanford***, 937 A.2d 1094, 1099 (Pa. Super. 2007). In fact, Pa.R.E. 408 (Compromise Offers and Negotiations) permits that a "court may admit this evidence for another purpose, such as proving a witness's bias or prejudice…."). Therefore, trial counsel clearly had a strategy to demonstrate to the jury that various testimony was not credible and that the testimony should not be believed. Not objecting to the Commonwealth's introduction of a settled lawsuit against Tucker's former employer during the testimony of L.H. was a part of his larger strategy. Accordingly, because tr[ia]l counsel had a reasonable basis for failing to object to this testimony, he cannot be found to be ineffective.

PCRA Court Opinion, 9/17/2024, 8-10 (party designation altered; some brackets omitted).

The record confirms the PCRA court's findings. The following exchange occurred on direct examination between the prosecutor and L.H.:

Q. Before we go any further, [L.H.], do you currently have a lawsuit pending against [the Center] or the defendant?

A. No.

Q. Does the fact that you have nothing pending have any bearing on your testimony?

A.   No.

Q.   Did you have a lawsuit pending at one point?

A.   Yes.

Q.   As you said, it's not currently pending.  So is it over?

A.   Correct.  They settled.

N.T., 3/23/2015, at 81-82.[6]  On cross-examination, trial counsel confirmed

L.H.'s testimony during the following exchange:

Q.   [L.H.], it was brought out through questions by the District Attorney's Office yesterday that after these alleged incidents you filed a civil lawsuit, did you not?

A.   Yes, I did.

Q.   You filed a civil lawsuit against [the Center], correct?

A.   Correct.

Q.   You also filed a civil lawsuit, the same lawsuit, but the other person that you sued was Mr. Tucker, correct?

A.   Correct.

Q.   And obviously a civil lawsuit is where you go into court and you demand money as a result of something you say happened to you, right?

N.T., 3/24/2015, at 42-43.  The trial court overruled the Commonwealth's

objection to that question and L.H. responded in the affirmative.  *Id.* at 43.

Trial counsel continued, "You wanted money as a result of the story that you

_____

[6] We observe that, despite Tucker's assertion that L.H. testified that the Center paid her "an undisclosed amount of money to settle a civil lawsuit that she filed because of [Tucker's] alleged assault on her," her direct examination testimony makes no mention of a monetary settlement.  *See* Tucker's Brief at 15 (citing N.T., 3/23/2015, at 82).

were telling, correct?" *Id.* After the Commonwealth's objection was sustained as asked and answered, trial counsel requested a sidebar and the trial court excused the jury. *Id.* at 44. During the sidebar, trial counsel stated:

> This is the point in the cross-examination where I intend to elicit the fact that [L.H.] has filed a previous lawsuit against a psychologist for, lack of a better term, inappropriate sexual conduct. That was a lawsuit she filed and, of course, settled. I think it shows a pattern that she sues professionals for inappropriate sexual conduct.

*Id.* After argument from both parties, the trial court did not permit trial counsel to question L.H. in this regard because he failed to comply with the procedural requirements of the Rape Shield Law, 18 Pa.C.S. § 3104, and further, because the court found it was irrelevant.[7] *Id.* at 44-47.

As the PCRA court determined, and as this Court stated in Tucker's direct appeal, although trial counsel was unsuccessful in having this piece of evidence admitted, it was nonetheless his strategy to discredit L.H. by showing her bias and improper motive. *See* PCRA Court Opinion, 9/17/2024, at 9 & n.1 (citing N.T., 3/24/2015, at 44-45); *Tucker*, 2017 WL 3484321 at *8 (stating Tucker argued such evidence goes to L.H.'s bias and improper motive because it "demonstrates a pattern of suing mental health professionals alleging inappropriate sexual conduct for financial gain"). Further, as the PCRA court noted, trial counsel continued this same strategy by asking on

_____

[7] This Court affirmed the trial court's ruling on direct appeal. *Tucker*, 2017 WL 3484321 at *7-8.

cross-examination whether one of the other complainants, S.T., had retained an attorney to file suit against the Center before she reported Tucker's conduct to police and if she received money from that lawsuit. N.T., 3/25/2015, at 49-51.

Because evidence of L.H.'s lawsuit and ultimate settlement with the Center aided trial counsel's strategy of showing that L.H. was biased, had an improper motive, and should not be believed, he had a reasonable basis for not objecting to this evidence. **See Hanford**, 937 A.2d at 1099 (concluding that questioning a witness-employer about the existence of a civil suit filed by an alleged sexual assault complainant against the witness-employer for creating an unsafe work environment by having hired the defendant was permissible in a criminal prosecution of the assault "to show the complainant's possible bias and interest in the outcome of the case"); **Birch**, 616 A.2d at 978; Pa.R.E. 408.[8] As our Supreme Court has stated, "[i]t is particularly

_____

[8] Rule 408 provides as follows:

> **(a) Prohibited Uses.** Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> > (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and

*(Footnote Continued Next Page)*

important that, where the determination of a defendant's guilt or innocence is dependent upon the credibility of a prosecution witness, an adequate opportunity be afforded to demonstrate through cross-examination that the witness is biased." **Birch**, 616 A.2d at 978 (citation omitted). We therefore discern no error in the PCRA court's conclusion that trial counsel's strategy was reasonable nor any abuse of discretion in dismissing this claim without an evidentiary hearing. **See Wilson**, 273 A.3d at 18; **Reid**, 259 A.3d at 405; **King**, 259 A.3d at 520.

In his second issue, Tucker argues that he wanted to testify in his own defense at trial, but trial counsel unduly pressured him to waive that right. Tucker's Brief at 14, 28. He concedes that trial counsel's advice not to testify was "technically correct" because "the Commonwealth had referenced his denial of the charges" and "would impeach his testimony with evidence of his convictions for crimes of dishonesty." **Id.** at 29 (citing N.T., 3/26/2015, at

---

> (2) conduct or a statement made during compromise negotiations about the claim.
>
> **(b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice**, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Pa.R.E. 408 (emphasis added). Tucker also quotes 42 Pa.C.S. § 6141(a) in arguing that the existence of a settlement agreement was inadmissible, but he does not develop or explain his argument in this regard. **See** Tucker's Brief at 17; **but see** Pa.R.E. 408 Comment ("Pa.R.E. 408 is consistent with 42 Pa.C.S. § 6141[.]"). In any event, regardless of admissibility, the record clearly reflects that trial counsel had a reasonable basis for not objecting to it.

64-65). Nonetheless, he asserts this claim has arguable merit because such "advice was designed to induce him to give up his right to testify, rendering the decision involuntary." *Id.* He further argues that trial counsel's decision to dissuade him from testifying had no reasonable strategic basis because (1) it was imperative to present his version of events to the jury in a trial that hinged on credibility, and (2) the Commonwealth called a dozen witnesses, including the three complainants, and elicited extensive testimony about the nonconsensual nature of sexual conduct and its effect on the complainants. *Id.* at 29-30. Finally, he contends that he was prejudiced by this decision because the jury did not hear "an alternate version of events" to weigh the complainants' credibility against his. *Id.* at 30. Because the jury only heard an uncontradicted account of the sexual conduct, he asserts that it "had no choice but to find him guilty." *Id.*

> It is well settled that the decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf. Additionally, where a defendant voluntarily waives his right to testify after a colloquy, he generally cannot argue that trial counsel was ineffective in failing to call him to the stand.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1075 (Pa. Super. 2019) (brackets, quotation marks, and citations omitted).

The PCRA court determined this claim lacked arguable merit and that trial counsel had a reasonable strategy in advising Tucker not to testify. PCRA Court Opinion, 9/17/2024, at 10.

> Tucker was colloquied on his decision not to testify and he clearly stated that after consultation with trial counsel, the ultimate decision was his not to testify. In addition[,] the colloquy reveals that counsel's advice was in part based upon the fact that the Commonwealth would impeach him on his crimes concerning falsehoods.

**Id.** (citing N.T., 3/26/2015, at 64-65) (party designation altered).

The record supports the PCRA court's findings:

THE COURT:         All right then, we are out of the hearing of the jury. We'll resume in one hour, quarter of 12:00.

I need to talk to the defendant on the record for a moment.

Mr. Tucker, your attorney, Mr. Petersen [(trial counsel)] explained to you that you have a right to testify or not testify. He told you it was your decision that would control, did he not?

THE DEFENDANT:     Yes, sir.

THE COURT:         He also told you as a very experienced criminal defense lawyer, former prosecutor, he told you, I believe, in his view it would be better for you not to testify?

THE DEFENDANT:     Yes, sir.

THE COURT:         He told you that the Commonwealth already brought out your denial in part?

THE DEFENDANT:     Yes, sir.

- 14 -

THE COURT:        He told you that the Commonwealth would impeach your testimony with crimes concerning crimes of falsehood?

THE DEFENDANT:    Yes, sir.

THE COURT:        And he probably told you a few other things. But based on his discussion with you, you made the final choice not to testify in this case; isn't that correct?

THE DEFENDANT:    Yes, sir.  Yes, I did, Your Honor.

THE COURT:        You understand that was your choice.  You made the choice, and now we'll proceed to closing arguments and jury instructions.  All right?

THE DEFENDANT:    Yes, sir.

N.T., 3/26/2015, at 64-65.

Thus, the record establishes that Tucker's decision not to testify at trial was his own decision, made voluntarily after consultation with trial counsel. The record further shows that trial counsel advised him that the Commonwealth would impeach him concerning his crimen falsi convictions if he testified in his own defense.  Additionally, as Tucker conceded in his brief, trial counsel's advice was "correct"—and particularly reasonable in a "he said, she said" case like this, where the credibility of witnesses was paramount. Because Tucker cannot demonstrate that trial counsel interfered with his right to testify or that his advice was so unreasonable that it vitiated his knowing and intelligent decision not to testify on his own behalf, we discern no error in the PCRA court's conclusion that this claim lacked merit nor any abuse of

discretion in dismissing it without an evidentiary hearing. *See Wilson*, 273 A.3d at 18; *Reid*, 259 A.3d at 405; *King*, 259 A.3d at 520; *Sandusky*, 203 A.3d 1075.

In his final issue, Tucker argues trial counsel was ineffective for "failing to object to multiple instances of inadmissible testimony that improperly bolstered the complainants' credibility and improperly invaded the province of the jury with respect to the issue of consent." Tucker's Brief at 14, 20. He points to the testimonial evidence of four Commonwealth witnesses who worked at the Center, which he believes was inadmissible and highly prejudicial because it either suggested to the jury that the complainants' allegations were true or did not constitute prompt complaint evidence. *Id.* at 20-25. He argues trial counsel's failure to object was inconsistent with his strategy of demonstrating that the complainants were lying and of attributing their allegations to their mental health histories and diagnoses. *Id.* at 25-26. Finally, he contends that, in this case that rested entirely on credibility, permitting witnesses to suggest that the Center had determined the allegations were true and the sexual contact was non-consensual prejudicially contributed to the jury's guilty verdict. *Id.* at 26-27.

The PCRA court found this issue waived because Tucker failed to raise it in his PCRA petition and instead raised it in his Rule 907 response without seeking leave to amend his petition. PCRA Court Opinion, 9/17/2024, at 5-6. Tucker does not address waiver in his brief.

A petitioner must request leave to amend his petition in his Rule 907 response to raise new claims of trial counsel ineffectiveness. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1192 (Pa. Super. 2012), *abrogated on other grounds by **Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021). The Rule 907 response is not itself a PCRA petition and the law requires leave of court to amend a petition. ***Rykard***, 55 A.3d at 1189 (citing Pa.R.Crim.P. 905(A)).

> The purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment.

***Rykard***, 55 A.3d at 1189 (citations and quotation marks omitted). Where a petitioner does not seek leave to amend his petition, the PCRA court is not required to address new claims of non-PCRA counsel's ineffectiveness that are raised in a Rule 907 response. ***Id.*** at 1192. "[C]laims raised outside of a court-authorized PCRA petition are subject to waiver[.]". ***Commonwealth v. Mason***, 130 A.3d 601, 627 (Pa. 2015).

As discussed above, Tucker raised the issue of trial counsel's failure to object to certain trial testimony for the first time in his Rule 907 response. ***Compare*** PCRA Petition, 5/6/2019, ***with*** Rule 907 Response, 1/27/2023. Because Tucker did not seek leave to amend his petition, he waived this new claim of trial counsel's ineffectiveness by raising it for the first time in his Rule

907 response and the PCRA court was not obligated to address it.[9]  **Mason**, 130 A.3d at 627; **Rykard**, 55 A.3d at 1189, 1192.  Accordingly, we agree with the PCRA court that Tucker waived this issue.

For the foregoing reasons, we affirm the order the PCRA court dismissing Tucker's PCRA petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/13/2025

---

[9] We further observe that the record does not reflect any requests for, or grants of, an extension of time to file a response to the Rule 907 notice, and Tucker filed his response eighteen months after the entry of the Rule 907 notice, far beyond the twenty days indicated in the notice.